UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILLIAM FIGUEROA,

        Petitioner,                                      **MEMORANDUM & ORDER**
                                                                                 00-CV-1160 (NGG)

        - against -

JAMES J. WALSH, Superintendent,
Sullivan Correctional Facility,

        Respondent.
------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

        William Figueroa ("Petitioner") brings this habeas corpus petition pursuant to 28 U.S.C. § 2241(c)(3) alleging that he is being held in violation of his federal constitutional rights. Petitioner seeks to overturn his January 9, 1991 conviction for Murder in the Second Degree ("Depraved Indifference Murder"). Petitioner now moves pursuant to Fed. R. Civ. P. 60(b)(6) ("Rule 60(b)") for relief from the judgment entered by the court denying his petition for habeas corpus. For the reasons that follow, the court deems Petitioner's motion to be a successive petition for habeas corpus, rather than a Rule 60(b) motion. As this court is without jurisdiction to consider Petitioner's successive attack on the constitutional validity of his underlying conviction, his motion is transferred to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

    **I.    Factual and Procedural Background**

        On the morning of August 8, 1989, Petitioner fired gunshots from a red Chevrolet Camaro into the home of Maria and Carlos Hernandez. At that moment, Maria was getting ready for work, while Carlos and their three-year-old son were in bed. One of the bullets struck

1

Maria in the head and killed her. In the winter of 1991, Petitioner was convicted of Depraved Indifference Murder, Reckless Endangerment in the First Degree, and Criminal Possession of a Weapon in the Second and Third Degree following a jury trial in New York Supreme Court, King's County ("Kings County Supreme Court"). Petitioner was acquitted of Attempted Murder in the Second Degree. On March 13, 1991, Petitioner was sentenced, as a second felony offender, to a term of imprisonment of 37 years to life.

Petitioner has filed numerous appeals from and collateral attacks on his conviction. On August 23, 1991, Petitioner moved the Kings County Supreme Court to vacate its judgment pursuant to N.Y. Pen. L. § 440.10 ("Section 440.10"). On January 27, 1992, the motion was denied. In February 1993, Petitioner appealed that denial to the Second Department of the Appellate Division of the New York State Supreme Court, which consolidated the appeal with petitioner's direct appeal. On March 27, 1995, the Appellate Division unanimously affirmed the judgment of conviction and the January 27, 1992 order. People v. Figueroa, 625 N.Y.S.2d 49 (App. Div. 1995). On May 19, 1995, the New York Court of Appeals denied Petitioner's request for leave to appeal. People v. Figueroa, 629 N.Y.S.2d 732 (N.Y. 1995).

On August 8, 1995, Petitioner filed a second motion to vacate the judgment against him pursuant to Section 440.10, which was denied on January 17, 1996. The Appellate Division denied Petitioner's request for leave to appeal on March 27, 1996. On July 9, 1996, Petitioner filed a motion to "preserve issues for Appellate Division review," which was denied by the Kings County Supreme Court on December 6, 1996. Petitioner's request for leave to appeal to the Appellate Division was denied on March 7, 1997.

On April 25, 1997, Petitioner sought a writ of habeas corpus pursuant to 28 U.S.C. §

2254 in the United States District Court for the Eastern District of New York. On June 22, 1999, Judge Reena Raggi dismissed without prejudice the entire petition for failure to exhaust certain claims in state court. On August 20, 1999, Petitioner filed a third motion to vacate the judgment of the Kings County Supreme Court pursuant to Section 440.10. The motion was denied on November 1, 1999. On April 5, 2000, the Appellate Division denied Petitioner's request for leave to appeal.

On January 12, 2000, Petitioner petitioned the Appellate Division for a writ of error <u>coram</u> <u>nobis</u>, which was denied on May 1, 2000. On January 22, 2000, Petitioner again filed a petition in this court for a writ of habeas corpus pursuant to Section 2254, which was denied on February 1, 2001. <u>Figueroa v. Walsh</u>, No. 00-CV-1160 (NGG) (E.D.N.Y. Feb. 1, 2001) (Garaufis, J.). On May 3, 2001, the Second Circuit denied Petitioner's motion for a certificate of appealability; a subsequent motion for a rehearing en banc was also denied.[1] On October 1, 2001, the United States Supreme Court denied a petition for a writ of certiorari. <u>Figueroa v. Walsh</u>, 534 U.S. 929 (2001).

On April 18, 2001, Petitioner again moved the Kings County Supreme Court to vacate his judgment of conviction pursuant to Section 440.10. That motion was denied on October 15, 2001. The Kings County Supreme Court then denied Petitioner's request for leave to appeal on February 7, 2002. On July 26, 2002, the New York Court of Appeals denied Petitioner's appeal from the Appellate Division's May 1, 2000 order denying his motion for a writ of error <u>coram</u> <u>nobis</u>. On June 17, 2002, Petitioner again sought a writ of error <u>coram</u>

---

[1] The Second Circuit's refusal to issue a certificate of appealability was described in Petitioner's affidavit in support of his application but could not be found in the public record.

nobis in the Appellate Division, which was denied on July 26, 2002. On December 16, 2002, the Kings County Supreme Court denied Petitioner's motion to unseal the minutes of a pre-trial conference held on June 5, 1990.

On October 13, 2003, Petitioner again sought a writ of error coram nobis in the Appellate Division, which was denied on March 8, 2004. On January 2, 2004, Petitioner again moved the Kings County Supreme Court to vacate his judgment of conviction pursuant to Section 441.10, claiming that his conviction for Depraved Indifference Murder under N.Y. Pen. L. § 125.26(2) was unconstitutional and that the evidence was legally insufficient to sustain such a conviction. The motion was denied on March 29, 2004. On June 25, 2004, Petitioner again moved the Kings County Supreme Court to vacate its judgment pursuant to Section 441.10. On October 25, 2004, that court again denied the motion. On February 5, 2005, Petitioner's request for leave to appeal to the Appellate Division was denied.

On September 7, 2004, the Second Circuit denied Petitioner's request to file a second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Figueroa v. Walsh, No. 04-4360-op (2d Cir. Sept. 7, 2004). On November 1, 2004, Petitioner sought a writ of habeas corpus in New York Supreme Court, Sullivan County, which was denied. The denial was affirmed by the Appellate Division on July 28, 2005. On May 25, 2006, the Kings County Supreme Court again denied a motion to vacate Petitioner's judgment of conviction pursuant to Section 441.10, both on the merits and due to procedural default.

On August 17, 2006, in case No. 06-CV-4179, Petitioner filed a *pro se* petition for a writ of habeas corpus relief in this court pursuant to 28 U.S.C. § 2241(c)(3). He claimed that he was deprived of his right to a fair trial because the jury was improperly instructed about the

4

legal standard governing Depraved Indifference Murder. By Memorandum and Order dated August 8, 2007, the court transferred the proceeding to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. On October 19, 2007, the Second Circuit returned a mandate denying Petitioner's motion for an order authorizing this court to consider a second or successive habeas application. (See Case No. 06-CV-4179 (Docket Entry # 12).)

Now, Petitioner has filed a motion for "reconsideration" pursuant to Rule 60(b)(6) requesting relief from the judgment entered by this court denying his habeas petition. (See Docket Entries ## 40 & 41.) Petitioner states that the "crux" of his motion is that the court "should reconsider its determination that he failed to exhaust his claim that the intentional murder and [sic] could not form the basis of a depraved indifference murder conviction." (Petitioner's Memorandum of Law ("Pet. Mem.") at 3.) The court finds his arguments quite difficult to discern at points but disagrees that an exhaustion argument is the "crux" of his argument, as he dedicates only three short sentences to exhaustion in his eleven-page motion. In any event, his previous habeas corpus petitions were not denied because of unexhausted state claims but rather were denied on the merits.

Having reviewed Petitioner's motion, the "crux" of Petitioner's argument is that, at the time he brought his application for a successive habeas petition in the district court, he was unaware of the Second Circuit's initial ruling in Policano v. Herbert, 430 F.3d 82 (2d Cir. 2005). Petitioner makes no reference to the Second Circuit's final ruling in Policano, 507 F.3d 111 (2d Cir. 2007).[2] To the extent that Petitioner makes any specific arguments, he posits that

---

[2] Petitioner mistakenly cites to an earlier and later-withdrawn holding in Policano, 430 F.3d 82 (2d Cir. 2005), in which the Second Circuit affirmed the district court's granting of a habeas corpus petition, agreeing that the defendant's rights under the due process clause of the

this court should grant his Rule 60(b) motion because the state trial judge erroneously instructed the jury regarding the prosecution's burden of guilt and the voluntariness of his confession and because the evidence was insufficient under Policano to sustain a depraved indifference conviction where the prosecutor presented "a classic, clearly recognizable case of intentional murder." (Pet. Mem. at 8.) Petitioner argues:

> At the petitioner [sic] trial, the prosecution pursued a theory of intentional murder; [sic] which it stressed heavily from opening statements until summations. The jury nevertheless acquitted petitioner of intentional murder, yet convicted him of the depraved indifference murder count. The presentation of an unconstitutional instruction to a jury clearly taints the entire trial; [sic] because it posses [sic] the risk that . . . the petitioner will be . . . convicted of a crime that was not proven by the totality of the evidence."

(Id. at 9.)

### II. Standard of Review

Petitioner seeks relief under Rule 60(b). However, the preliminary issue before this court is whether Petitioner's motion is properly brought as a Rule 60(b) motion in the context of a habeas corpus proceeding pursuant to 28 U.S.C. § 2254.

---

Fourteenth Amendment were violated by the defendant's conviction on a charge of depraved indifference murder. Thereafter, the same Second Circuit panel certified a number of questions to the New York Court of Appeals, 453 F.3d 75. The New York Court of Appeals answered the Second Circuit's certified questions. 7 N.Y.3d 588, 859 N.E.2d 484, 825 N.Y.S.2d 678. Based in large measure upon the New York Court of Appeals's response, the Second Circuit reversed the district court's granting of the habeas corpus petition, holding that the jury rationally could have found beyond a reasonable doubt that petitioner acted unintentionally, as required for conviction for depraved indifference murder. 507 F.3d 111 (2d Cir. 2007). Accordingly, while the procedural history of Policano is somewhat complex and difficult for a layperson to untangle, Petitioner's argument that the Second Circuit affirmed the granting of a habeas petition in Policano is simply incorrect.

6

### A.  Rule 60(b) Motion

"A motion under Rule 60(b) is addressed to the sound discretion of the trial court." Velez v. Vassallo, 203 F. Supp. 2d 312, 333 (S.D.N.Y. 2002) (citing Mendell on Behalf of Viacom, Inc. v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990)).  The Second Circuit has nevertheless cautioned that Rule 60(b) provides "extraordinary judicial relief" that should be granted "only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986); see also Employers Mut. Cas. Co. v. Key Pharm., 75 F.3d 815, 824-25 (2d Cir. 1996) ("A movant under Rule 60(b) must demonstrate 'exceptional circumstances' justifying the extraordinary relief requested.").  To grant a Rule 60(b) motion, the court must find that the evidence in support of the motion is highly convincing, that the movant has shown good cause for the failure to act sooner, and that no undue hardship is imposed on the other parties as a result. See, e.g., Kotlicky v. U.S. Fidelity & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987); Williams v. New York City Dep't of Corr., 219 F.R.D. 78, 84 (S.D.N.Y. 2003).

### B.  Successive Petitions under 28 U.S.C. § 2254

The rule of law regarding second or successive petitions is clear.  "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed," 28 U.S.C. § 2244(b)(1), unless the petitioner can show that his second petition falls under one of the exceptions set forth in 28 U.S.C. § 2244(b)(2)(A)-(B)(ii).  However, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).  Thus, "[t]he district court has no power to entertain a second or successive §

2254 motion unless the appropriate court of appeals has authorized the filing of that motion in the district court." Poindexter, 333 F.3d at 382; see also Nelson v. United States, 115 F.3d 136, 136 (2d Cir. 1997). Instead, the court must transfer the motion to the Second Circuit Court of Appeals. Poindexter, 333 F.3d at 382; see also Torres v. Senkowski, 316 F.3d 147, 151 (2d Cir. 2003).

### III. Discussion and Analysis

#### A. Motion is Deemed a Successive Habeas Petition

Although Petitioner has framed his motion as a Rule 60(b) motion, the court deems it to be a successive habeas petition under Section 2254. See Rodriguez v. Mitchell, 252 F.3d 191, 198 (2d Cir. 2001). In the context of a habeas proceeding pursuant to 28 U.S.C. § 2254, when a Rule 60(b) motion asserts a federal basis for relief from a state court's conviction, it is "in substance a successive habeas petition and should be treated accordingly." Gonzalez v. Crosby, 545 U.S. 524, 531 (2005). A Rule 60(b) motion should not be "treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction." Id. at 538.

Indeed, the Second Circuit has held that "[a] motion under Rule 60(b) and a petition for habeas have different objectives. The habeas motion under 28 U.S.C. § 2254 seeks to invalidate the state court's judgment of conviction . . . [while] the motion under Rule 60(b) . . . seeks only to vacate the federal court judgment dismissing the habeas petition." Id. Accordingly, a court will vacate a judgment pursuant to a Rule 60(b) motion in the habeas context only if it relates "to the integrity of the federal habeas proceeding, not the integrity of the . . . criminal trial." Id. at 199. If, on the other hand, "a motion relates to the integrity of the

8

criminal trial and not the prior habeas proceeding, the motion is in actuality a § [2254] petition and must meet the criteria set forth in the Antiterrorism and Effective Death Penalty Act of 1996 [ ("AEDPA") ]." Harris v. United States, 357 F. Supp. 2d 524, 527 (N.D.N.Y. 2005). Under AEDPA, in order to file a successive § 2254 petition, Petitioner must first file an application with the Second Circuit Court of Appeals for an order authorizing this court to consider it. 28 U.S.C. § 2254; 28 U.S.C. § 2244(b)(3)(A). Otherwise, this court lacks jurisdiction to consider a successive habeas petition. See Torres v. Senkowski, 316 F.3d 147, 149 (2d Cir. 2003) (stating that "the authorization requirement [for second or successive habeas petitions] is jurisdictional and therefore cannot be waived").

I have thoroughly reviewed Petitioner's motion and consider it to be a successive petition for a writ of habeas corpus rather than a Rule 60(b) motion. In his motion, Petitioner asks the court to vacate its earlier judgment based on two grounds: (1) that the trial court gave an improper reasonable doubt instruction, and (2) that the evidence adduced at trial was insufficient to support a conviction under Policano.

These claims are constitutional attacks on the underlying conviction and do not address the integrity of the federal habeas corpus proceeding. In fact, Plaintiff raised the first claim, that the trial judge gave erroneous jury instructions, in his first habeas corpus petition. The second claim, that the Second Circuit's rule laid down in Policano changes the sufficiency of the evidence, relates to the underlying trial that resulted in his conviction. Neither claim relates to the fairness of this court's consideration of the initial habeas proceedings. Thus, as the instant motion is not an attack on the collateral proceedings but instead a direct attack on Petitioner's underlying conviction, the court deems it to be a successive petition for habeas

corpus. See, e.g., Sterling v. Kuhlman, No. 97-CV-2825 (RWS), 2006 WL 177404, (S.D.N.Y. Jan. 25, 2006). The constitutional validity of the underlying conviction is not properly before this court and is improper as the subject of a Rule 60(b) motion in the habeas context. Id.

### B. Transfer to the U.S. Court of Appeals for the Second Circuit

When a court is presented with a Rule 60(b) motion that merely asserts claims of error in a petitioner's underlying conviction or sentence, a district court has two procedural options: "(i) the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition, in which case it should be transferred to [the Court of Appeals] for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).' " Harris v. United States, 367 F.3d 74, 82 (2d Cir.2004) (quoting Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002)). The Second Circuit has expressed a preference that "when a second or successive petition for habeas corpus relief . . . is filed in a district court without the authorization by this Court that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to this Court in the interest of justice pursuant to § 1631. . . ." Liriano v. United States, 95 F.3d 119, 123 (2d Cir. 1996) (per curiam); see also Corrao v. United States, 152 F.3d 188, 190-91 (2d Cir. 1998) (holding that a district court must transfer uncertified second or successive habeas petitions to the court of appeals). "In general, it is more conducive to efficiency to transfer a successive petition filed in the district court to the Court of Appeals. This practice avoids the burden of requiring a prisoner with limited legal resources to draft a new set of papers in order to apply to the Court of Appeals after dismissal by the district court." Harrison v. Senkowski, 247 F.R.D. 402 (E.D.N.Y. 2008).

That said, I would be remiss not to mention a number of serious and broad concerns that this petition raises and that this court shares with a number of other federal judges around the nation with regard to AEDPA's narrowing of protections of the writ of habeas corpus and the way in which it interferes with the district courts' Article III powers.[3] Here, Petitioner is arguing that the holding in Policano is applicable to his case but, under AEDPA, this court is constrained from considering his arguments, even were the Second Circuit to direct the court to consider his successive application.[4]

---

[3] The court also notes that, with regard to the court's lack of jurisdiction to rule on Petitioner's successive habeas application on the merits, the transfer to the Court of Appeals is an especially curious result here. Not only is this court intimately familiar with the facts at issue and its lengthy procedural history, but sitting by designation as a member of the Second Circuit panel that considered and decided Policano, I am acutely aware of the relevant caselaw. Notwithstanding these observations, Congress clearly has the constitutional power to confer and remove federal court jurisdiction, and Congress has properly exercised that power in creating AEDPA. See Felker v. Turpin, 518 U.S. 651, 664 (1996) (concluding that the limitations on successive petitions do "not amount to a suspension of the writ contrary to Article I, § 9.").

[4] Since Petitioner's successive habeas petition is not currently before the court on its merits, the court reaches no conclusion about whether the final ruling in Policano, a case decided by the Second Circuit in 2007, is even retroactively applicable to Figueroa's conviction, which became final upon the New York Court of Appeals denying leave to appeal on May 19, 1995. As a general rule, the court "will not disturb a final state conviction or sentence unless it can be said that a state court, at the time the conviction or sentence became final, would have acted objectively unreasonably by not extending the relief later sought in federal court." O'Dell v. Netherland, 521 U.S. 151 (1997). In Teague v. Lane, 489 U.S. 288 (1989), a plurality of the Supreme Court held that a threshold question on any habeas appeal is whether the relief petitioner seeks would entail the retroactive application of a new rule of federal constitutional criminal procedure to invalidate a final state conviction. Answering this question requires a step-by-step inquiry into three matters: first, the date on which petitioner's conviction became final; second, whether the rule of constitutional criminal procedure on which petitioner relies is "new"; and third, if the rule is new, whether it falls within one of the two narrow exceptions to the general rule against the retroactive application of new rules to invalidate final state court convictions. See O'Dell, 521 U.S. at 156-57. Regardless, the court's concern as laid out herein is a general one: the way in which AEDPA impinges upon this court's Article III powers to consider relevant circuit court precedent. The court is not making the specific finding or suggestion that the final ruling in Policano is retroactive to Petitioner's case, particularly as the

11

Without reaching the merits of Petitioner's arguments, this case is illustrative of a greater problem confronting this and other district courts: While the Constitution clearly vests in Congress the power to limit this court's exercise of jurisdiction over a successive habeas corpus petition, AEDPA goes well beyond that by restricting fundamentally the scope of the court's Article III judicial power by foreclosing consideration of Second Circuit holdings that are otherwise binding on this court.[5] The great writ of habeas corpus lies at the heart of our liberty. As some judges have recently found, by restricting district courts' authority to rely only upon the Supreme Court's clearly established jurisprudence to address the issue – rather than the full array of federal cases, including cases from the Second Circuit – AEDPA interferes with core functions of judicial decisionmaking granted to the judicial branch in Article III of the U.S. Constitution. As a matter of constitutional separation of powers, it is troubling to this court that AEDPA restricts what juridical sources this court may consider in reaching a

---

court has found that it has no jurisdiction to consider Petitioner's successive habeas application.

[5] Under the core provision of AEDPA, if a petitioner's claims have been fully adjudicated on the merits in state court, he must show that the state court proceedings (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). A state court's decision is contrary to clearly established federal law as determined by the Supreme Court "if the state court applies a rule that contradicts the governing law set forth in [the Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the Court's] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). A state court's decision is an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal rule from [the] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407. Accordingly, this court cannot grant the Petitioner's writ if it merely "concludes in its independent judgment that the relevant state-court decision applied clearly established Federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

decision on the merits of a habeas corpus petition.  Even in habeas cases where a district court concludes that the state court has erred in interpreting the U.S. Constitution, the district court may not grant relief unless it also determines that the error was either contrary to or involved an unreasonable application of clearly established Supreme Court precedent.  This presents a problem that can, in some situations, force a district court to defer to and uphold an erroneous state court ruling on a federal constitutional question simply because the issue has not yet reached the Supreme Court or the Supreme Court has declined to reach it.  This standard should give district courts pause.

As far back as Marbury v. Madison, 5 U.S. (1 Cranch) 133, 177 (1803) (Marshall, C.J.), the Supreme Court has held that the "very essence" of Article III judicial power is to interpret federal law under the Constitution in light of precedent.  The Supreme Court has throughout its history, in many contexts, invalidated congressional enactments that have interfered with the core functions of judicial decision-making.  See, e.g., United States v. Klein, 80 U.S. (13 Wall.) 128 (1871) (striking down a congressional enactment requiring federal courts to treat presidential pardons for ex-Confederates as evidence that they had aided in the Confederate rebellion); Plaut v. Spendthrift Farm, 514 U.S. 211, 217-219 (1995) (invalidating a provision of the Security and Exchange Act that directed the federal courts retroactively to reopen final federal judgments); City of Boerne v. Flores, 521 U.S. 507, 529, 536 (1997) (striking down provisions of the Religious Freedom Restoration Act that sought to expand the scope of the Free Exercise Clause beyond that established by the Supreme Court in an earlier case).

Although the Supreme Court has not squarely decided this issue, some circuit judges in dissent have concluded that Section 2254(d)(1) unconstitutionally trenches upon the Article III

13

judicial power. See, e.g., Crater v. Galaza, 508 F.3d 1261 (9th Cir. 2007) (Reinhardt, J., dissenting from the denial of rehearing *en banc* and joined by Pregerson, Gould, Paez, and Berzon, JJ.); Davis v. Straub, 445 F.3d 908 (6th Cir. 2006) (Martin, J., dissenting, and joined by Daughtrey, Moore, Cole, and Clay, JJ.); Irons v. Carey, 505 F.3d 846, 854 (9th Cir. 2007) (Noonan, J., concurring); Lindh v. Murphy, 96 F.3d 856, 885 (7th Cir. 1996) (Ripple, J., dissenting, and joined by Rovner, J.)  As Judge Lipez of the First Circuit recently wrote in an eloquent dissent from a denial of rehearing en banc in a case squarely addressing this issue:

> If Congress intrudes unduly upon the process of judicial reasoning, or if it restricts the ability of the federal courts to declare the law of the Constitution and maintain its supremacy, it offends the separation of powers principles at the core of our constitutional system. . . . By limiting the sources of law a federal court may rely upon in granting habeas relief to "clearly established Federal law, as determined by the Supreme Court," § 2254(d)(1) impinges upon a federal court's "judicial power" by "strik[ing] at the center of the judge's process of reasoning."  It forces federal courts to essentially ignore the binding precedents of their own circuit, and persuasive decisions of other circuits, in determining if a habeas petitioner is being held in violation of the Constitution. . . . The statutory limitation applies regardless of how long and firmly the circuit precedent has been established. As a consequence, § 2254(d)(1) prevents courts from applying the ordinary tool of stare decisis to reach an independent judgment on the constitutional issues.

Evans v. Thomspon, ___ F.3d ___, 2008 WL 1735297, at *2-3 (1st Cir. April 16, 2008) (Lipez, J., dissenting) (citations omitted).  Academics and practitioners writing in a number of academic journals have also expressed similar concerns. See, e.g., Lynn Adelman & Jon Deitrich, Saying What the Law Is: How Certain Legal Doctrines Impede the Development of Constitutional Law and What Courts Can Do About It, 2 Fed. Cts. L. Rev. 87 (Fall 2007) (Judge Lynn Adelman, United States District Judge for the Eastern District of Wisconsin,

14

noting that the "AEDPA standard under which federal courts review state court decisions in habeas corpus actions causes [a] problem; it . . . discourages courts from saying what the law is and thus thwarts the development of constitutional law [because it] authorizes federal courts to grant a writ of habeas corpus only if the state court decision "involved an unreasonable application of clearly established Federal law."); James S. Liebman & William F. Ryan, 'Some Effectual Power': The Quantity and Quality of Decisionmaking Required of Article III Courts, 98 Colum. L. Rev. 696 (May 1998) (arguing that while Article I of the Constitution gives Congress "quantitative" power to confer and remove power to jurisdiction and competence, the Constitution does not give Congress the qualitative power to mandate how the judicial power is to be exercised.).

In any event, the court mentions these concerns not with regard to Petitioner's specific arguments but more broadly with respect to AEDPA's encroachment on federal courts' ability to consider the full panoply of federal constitutional law. Here, as mentioned above, the court does not take issue with the statute's grant of authority regarding jurisdiction over successive habeas corpus applications. As the court has found Petitioner's Rule 60(b) motion to, in fact, be a successive habeas corpus application, the court lacks jurisdiction to hear the merits of Petitioner's motion.

## IV.  Conclusion

For the reasons stated above, Petitioner's Rule 60(b) motion is hereby deemed to be a successive petition for habeas corpus. To the extent that his arguments address proper grounds for relief on a successive habeas motion, this court is without jurisdiction. Petitioner's claims are therefore transferred to the Court of Appeals for the Second Circuit. The Clerk of Court

15

shall transfer the motion as a successive habeas petition in accordance with this Memorandum and Order. There is no need for this court to issue or deny a certificate of appealability for the denial of a Rule 60(b) motion where the motion has been characterized as a successive habeas petition. See Rogers v. Artuz, 524 F. Supp. 2d 193, 200-01 (E.D.N.Y. 2007), Harrison, 247 F.R.D. at 419.

SO ORDERED.

Dated: May 1, 2008  /s Nicholas G. Garaufis
      Brooklyn, New York  NICHOLAS G. GARAUFIS
                                                  United States District Judge