UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WILLIAM FIGUEROA,

                          Petitioner,

                -against-

JAMES WALSH, Superintendant of Sullivan
Correctional Facility,

                         Respondent.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**00-CV-1160**

NICHOLAS G. GARAUFIS, United States District Judge.

On February 22, 2000, William Figueroa ("Petitioner" or "Figueroa") filed a Petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state court convictions. This court denied the Petition by Memorandum & Order dated February 1, 2001. Petitioner now moves pursuant to Federal Rule of Civil Procedure 60(b)(6) for relief from the court's judgment on three separate grounds. (Docket Entries ## 47, 48, and 51.) For the reasons set forth below, Petitioner's motion is denied.

## I. BACKGROUND

On the morning of August 8, 1989, Petitioner fired gunshots from a red Chevrolet Camaro into the home of Maria and Carlos Hernandez. At that moment, Maria was getting ready for work, while Carlos and their three-year-old son were in bed. One of the bullets struck Maria in the head and killed her. In the winter of 1991, Petitioner was convicted of Depraved Indifference Murder, Reckless Endangerment in the First Degree, and Criminal Possession of a Weapon in the Second and Third Degree following a jury trial in New York Supreme Court, King's County ("Kings County Supreme Court"). Petitioner was acquitted of Attempted Murder

1

in the Second Degree. On March 13, 1991, Petitioner was sentenced, as a second felony offender, to a term of imprisonment of 37 years to life.

Petitioner has filed numerous appeals from and collateral attacks on his conviction. On August 23, 1991, Petitioner moved the Kings County Supreme Court to vacate its judgment pursuant to N.Y. Pen. L. § 440.10 ("Section 440.10"). On January 27, 1992, the motion was denied. In February 1993, Petitioner appealed that denial to the Second Department of the Appellate Division of the New York State Supreme Court, which consolidated the appeal with petitioner's direct appeal. On March 27, 1995, the Appellate Division unanimously affirmed the judgment of conviction and the Supreme Court's January 27, 1992 order. People v. Figueroa, 625 N.Y.S.2d 49 (App. Div. 1995). On May 19, 1995, the New York Court of Appeals denied Petitioner's request for leave to appeal. People v. Figueroa, 629 N.Y.S.2d 732 (N.Y. 1995).

On August 8, 1995, Petitioner filed a second motion to vacate the judgment against him pursuant to Section 440.10, which was denied on January 17, 1996. The Appellate Division denied Petitioner's request for leave to appeal on March 27, 1996. On July 9, 1996, Petitioner filed a motion to "preserve issues for Appellate Division review," which was denied by the Kings County Supreme Court on December 6, 1996. Petitioner's request for leave to appeal to the Appellate Division was denied on March 7, 1997.

On April 25, 1997, Petitioner sought a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of New York. On June 22, 1999, Judge Reena Raggi dismissed without prejudice the entire petition for failure to exhaust certain claims in state court. On August 20, 1999, Petitioner filed a third motion to vacate the judgment of the Kings County Supreme Court pursuant to Section 440.10. The motion was denied on

November 1, 1999. On April 5, 2000, the Appellate Division denied Petitioner's request for leave to appeal.

On January 12, 2000, Petitioner petitioned the Appellate Division for a writ of error coram nobis, which was denied on May 1, 2000. On January 22, 2000, Petitioner again filed a petition ("Petition") in this court for a writ of habeas corpus pursuant to Section 2254, which was denied on February 1, 2001. (Memorandum & Order ("February M&O") (Docket Entry # 18).) On May 3, 2001, the Second Circuit denied Petitioner's motion for a certificate of appealability; a subsequent motion for a rehearing en banc was also denied.[1] On October 1, 2001, the United States Supreme Court denied a petition for a writ of certiorari. Figueroa v. Walsh, 534 U.S. 929 (2001).

On April 18, 2001, Petitioner again moved the Kings County Supreme Court to vacate his judgment of conviction pursuant to Section 440.10. That motion was denied on October 15, 2001. The Kings County Supreme Court then denied Petitioner's request for leave to appeal on February 7, 2002. On July 26, 2002, the New York Court of Appeals denied Petitioner's appeal from the Appellate Division's May 1, 2000 order denying his motion for a writ of error coram nobis. On June 17, 2002, Petitioner again sought a writ of error coram nobis in the Appellate Division, which was denied on July 26, 2002. On December 16, 2002, the Kings County Supreme Court denied Petitioner's motion to unseal the minutes of a pre-trial conference held on June 5, 1990.

On October 13, 2003, Petitioner again sought a writ of error coram nobis in the Appellate Division, which was denied on March 8, 2004. On January 2, 2004, Petitioner again moved the Kings County Supreme Court to vacate his judgment of conviction pursuant to Section 441.10,

---

[1] The Second Circuit's refusal to issue a certificate of appealability was described in Petitioner's affidavit in support of his application but could not be found in the public record.

3

claiming that his conviction for Depraved Indifference Murder under N.Y. Pen. L. § 125.26(2) was unconstitutional and that the evidence was legally insufficient to sustain such a conviction. The motion was denied on March 29, 2004. On June 25, 2004, Petitioner again moved the Kings County Supreme Court to vacate its judgment pursuant to Section 441.10. On October 25, 2004, that court again denied the motion. On February 5, 2005, Petitioner's request for leave to appeal to the Appellate Division was denied.

On September 7, 2004, the Second Circuit denied Petitioner's request to file a second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Figueroa v. Walsh, No. 04-4360-op (2d Cir. Sept. 7, 2004). On November 1, 2004, Petitioner sought a writ of habeas corpus in New York Supreme Court, Sullivan County, which was denied. The denial was affirmed by the Appellate Division on July 28, 2005. On May 25, 2006, the Kings County Supreme Court again denied a motion to vacate Petitioner's judgment of conviction pursuant to Section 441.10, both on the merits and due to procedural default.

On August 17, 2006, in case No. 06-CV-4179 (E.D.N.Y.), Petitioner filed a pro se petition for a writ of habeas corpus relief in this court pursuant to 28 U.S.C. § 2241(c)(3). He claimed that he was deprived of his right to a fair trial because the jury was improperly instructed about the legal standard governing Depraved Indifference Murder. By Memorandum and Order dated August 8, 2007, the court transferred the proceeding to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. On October 19, 2007, the Second Circuit returned a mandate denying Petitioner's motion for an order authorizing this court to consider a second or successive habeas application. (See Case No. 06-CV-4179 (Docket Entry # 12).)

On November 26, 2007, Petitioner filed a motion for "reconsideration" pursuant to Federal Rule of Civil Procedure 60(b)(6) requesting relief from the judgment entered by this

4

court denying his habeas Petition. (See Docket Entries ## 40, 41.) The court deemed his Rule 60(b) motion as a successive habeas petition under § 2254 and transferred it to the Court of Appeals for possible certification under 28 U.S.C. § 2244(b)(3). (Memorandum & Order dated May 1, 2008 (Docket Entry # 42).) The Court of Appeals denied Petitioner's application as presenting the same claim raised in his prior application. (See Mandate issued April 29, 2009 (Docket Entry # 46).)

Now, Petitioner has filed another motion under Federal Rule of Civil Procedure 60(b)(6) seeking relief on three different grounds from this court's February 2001 Memorandum & Order. (See Rule 60(b) Motion (Docket Entry # 47).) First, Petitioner alleges that the prosecution unlawfully withheld exculpatory evidence in his criminal trial in violation of Brady v. Maryland, 373 U.S. 83 (1963). Second, Petitioner claims that this court improperly denied him an evidentiary hearing to support a Brady claim that he presented in his original habeas Petition. Third, Petitioner asserts this court should vacate its judgment denying his Petition under Rule 60(b)(6) because a substantive change in the law overrules a legal interpretation on which this court based its decision denying his Petition. (See Addendum (Docket Entry # 48).)

On his first ground, Petitioner claims that this court should vacate its decision denying his Petition because the state unlawfully withheld evidence showing that he is actually innocent. (Aff. in Support (Docket Entry # 47) ¶ 15.) Petitioner alleges that "notes and reports from [a] June 5, 1990, pre-trial conference [between] his trial judge and prosecutor contain exculpatory evidence from witnesses, and that disclosure of this information would have affected the credibility of a key witness, and proven petitioner not guilty of the crime convicted." (Id. ¶ 12.) Petitioner also "seeks access to a sealed portion of his trial transcripts and complete photocopies of any police notes relating to a witness named 'Eddie Garcia.'" (Id.) According to Petitioner,

5

the notes and reports he seeks contain information about Garcia, who "told the police that [a man named Manuel Rivera] had committed the murder which is the subject of the within incident." (Id. ¶ 13.) Petitioner alleges that the reports contain information about the number of shots that Rivera fired and how Rivera made his escape. (Id.)

Construing Petitioner's pro se pleadings liberally, Petitioner further claims that "contrary to this court['s] contentions, this court never held an evidentiary hearing on February 1, 2001 pursuant to 28 U.S.C. § 2254(b) to determine the merits of a factual dispute that were not resolved in the state hearing." (Id. ¶ 6.) Petitioner appears to only challenge the lack of a hearing with respect to the second of three Brady claims he presented in his Petition: a list of hot-line callers who purportedly disclosed evidence that Petitioner was not the perpetrator of the crimes in question. (Id. ¶¶ 5, 6.) Petitioner contends that for this claim "this court did not exercise[] its authority to inquire into any matters it sees fix [sic] and received evidence hearing upon the applicant's constitutional claims." (Id. ¶ 6)

Petitioner also asserts that "recent developments in Supreme Court decisional law, which appears applicable to this case, raises [a] question as to whether the voluntary confession should be suppressed on the ground that there was unnecessary delay in bringing petitioner before the Judge . . . ." (See Aff. in Support for Addendum Argument (Docket Entry # 48) ¶ 5.) Petitioner requests that this court apply the Supreme Court's decision in Corley v. United States, 129 S. Ct. 1558 (2009), to the claims contained in his Petition. (Petitioner Mem. of Law (Docket Entry # 48) 2.)

In support of his application, Petitioner has also submitted an affidavit written by his brother, Julio Figueroa Rentas. (Rentas Aff. (Docket Entry # 51).) Rentas attests that in June 2009 an inmate in the Five Points Correctional Facility told him and Petitioner that two other

individuals confessed to murdering Maria Hernandez. (Id. ¶ 4.) Rentas further attests that at the time of Petitioner's trial two police officers offered him some money "to go to court and testified what the officer wanted me to said in court, not the real story of what happen in [respect] with the Hernandez case." (Id. ¶ 6.) Rentas also attests that he and his brother were "staying and sleeping" at a certain address in Brooklyn on the night that Maria Hernandez was murdered. (Id. ¶ 3.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Subsection 60(b)(6) "permits reopening when the movant shows 'any . . . reason justifying relief from the operation of the judgment' other than the more specific circumstances set out in Rule 60(b)(1)-(5)." Id. at 528-29. In habeas corpus proceedings under 28 U.S.C. § 2254, however, the Federal Rules of Civil Procedure are applicable only to the extent that they are not inconsistent with any statutory provisions. 28 U.S.C. § 2254, Rule 11. Rule 60(b) is limited to the extent that it is inconsistent with the restrictions that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") places on a state prisoner's ability to file second or successive applications under section 2254. See 28 U.S.C. 2244(b); Crosby, 545 U.S. at 530-33.

Under AEDPA, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). A claim not previously presented shall be dismissed, unless the petitioner can show that it "relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." Crosby, 545 U.S. at 530; see 28 U.S.C. § 2244(b)(2).

7

And before a district court may accept a successive filing, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider" it as presenting permissible claims. 28 U.S.C. § 2244(b)(3)(A). AEDPA's authorization requirement for second or successive habeas petitions is jurisdictional. See Torres v. Senkowski, 316 F.3d 147, 149 (2d Cir. 2003). District courts "must transfer uncertified successive motions to [the Court of Appeals] pursuant to 28 U.S.C. § 1631." Id. at 151. District courts have no jurisdiction to consider such petitions on the merits. Id. at 152.

A state prisoner cannot circumvent AEDPA's restrictions for second or successive petitions by bringing a habeas claim in a motion for relief from a final judgment under Rule 60(b). Rule 60(b) relief is not available when a movant attacks his underlying criminal conviction. See Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004). A pleading seeking to vindicate a federal basis for relief from a state court's judgment of conviction, "although labeled a Rule 60(b) motion, is in substance a successive habeas petition, and should be treated accordingly." Crosby, 545 U.S. at 531. Of course, "a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction." Id. at 538. "[A] Rule 60(b) motion that attacks the integrity of a previous habeas proceeding" should be treated as any other Rule 60(b) motion. See Harris, 367 F.3d at 82.

### III. ANALYSIS

Petitioner's motion for relief under Rule 60(b) appears to rest on three distinct grounds: (1) the state prosecutor unlawfully withheld Brady material, (2) his confession was erroneously admitted into evidence in contravention of recent Supreme Court precedent, and (3) this court failed to hold an evidentiary hearing for Petitioner's second Brady claim that he presented in his

original Petition. The court construes Petitioner's first and second grounds as successive claims for habeas relief. The court is has no jurisdiction to address them on the merits. Petitioner's third ground for relief, while not barred as successive, is without merit.

Petitioner's first ground squarely asserts "a federal basis for relief from a state court's judgment of conviction." Crosby, 545 U.S. at 530. Petitioner claims that the challenged materials contain exculpatory evidence that would have affected the credibility of a key witness and proven that he is not guilty of the convicted crime. (Aff. in Support ¶ 12.) In Petitioner's own words, "the guilt or innocence of the petitioner depen[d]s on the validity of the Brady material which the prosecutor claimed would do serious damage to the People['s] case." (See id. 8.) Because this claim attacks Petitioner's underlying criminal conviction, rather than the integrity of this court's previous habeas proceedings, it is improperly styled as a motion under Rule 60(b). See Harris, 367 F.3d at 77. The claim is in substance a successive habeas claim and must be treated as such.

Petitioner's second ground for relief under Rule 60(b) must be treated as a successive habeas claim. Petitioner claims that he is entitled to relief because this court's decision that his confession was not erroneously admitted into evidence at his criminal trial relies on precedent that the Supreme Court overruled in Corley, 129 S. Ct. 1558. In essence, Petitioner is arguing that a change in substantive law renders his criminal conviction invalid. This is precisely the type of relief nominally requested in a Rule 60(b) motion that the Supreme Court stated would circumvent AEDPA's restrictions on successive habeas claims if it were not treated as a successive claim for habeas relief. See Crosby, 545 U.S. at 531-33. As this ground attacks Petitioner's underlying criminal conviction, this court must treat it as a successive claim for habeas relief. See Harris, 367 F.3d at 80.

9

To the extent that Petitioner seeks relief based on his brother's affidavit, his motion must also be denied as a successive petition. See 28 U.S.C. 2244(b). The affidavit asserts exculpatory facts that are only relevant to whether Petitioner is guilty of the convicted offense. A claim based on the affidavit challenges Petitioner's underlying criminal conviction, not the integrity of this court's habeas proceedings. This court is, therefore, without jurisdiction to address it.

By contrast, Petitioner's 60(b) motion is the proper vehicle to challenge this court's previous decision not to grant him an evidentiary hearing during his habeas proceedings. A challenge to the amount of process this court afforded Petitioner attacks the integrity of this court's previous habeas proceedings, rather than the state court's judgment of conviction. See Harris, 367 F.3d at 77. But this motion is untimely. It was not "made within a reasonable time," as required under Rule 60(c).[1] Fed. R. Civ. P. 60(c). Petitioner filed his motion on May 7, 2009, more than eight years after this court issued its decision on February 1, 2001. Eight years is not a reasonable amount of time under Rule 60(c). See Rodriguez v. Mitchell, 252 F.3d 191, 201 (2d Cir.2001) (three and a half year delay unreasonable in a § 2254 case); Pimintel, 2008 WL 2151796, at *11 (collecting cases[2] and holding that a nine year delay was unreasonable).

Even if Petitioner filed his motion within a reasonable time, his claim is unfounded. "[A]n evidentiary hearing is not required on issues that can be resolved by reference to the state

---

[1] While Petitioner brings this challenge under Rule 60(b)(6), which provides relief from a judgment for any reason that justifies it, other than the reasons listed in Rule 60(b)(1)-(5), it is more appropriately analyzed under Rule 60(b)(4) ("judgment is void"). See Pimintel v. United States, No. 96-CV-5891(JFK), 2008 WL 2151796, at *8 (S.D.N.Y. May 21, 2008) (analyzing under 60(b)(4) whether a judgment denying habeas relief is void as inconsistent with due process of law when the habeas court did not hold an evidentiary hearing); see also Grace v. Bank Leumi Trust Co., 443 F.3d 180, 193 (2d Cir. 2006) ("A judgment is void under Rule 60(b)(4) . . . if the court acted in a manner inconsistent with due process of law") (internal quotation marks omitted). Regardless of whether Petitioner should have brought this claim under subsection 4 or subsection 6, Federal Rule of Civil Procedure 60(c) requires a litigant to make either motion within a reasonable time. Fed. R. Civ. P. 60(c).

[2] Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir.2001) (two-year delay unreasonable); Truskoski v. ESPN, Inc., 60 F.3d 74, 77 (2d Cir.1995) (eighteen-month delay unreasonable); LaFontaine v. Comm'r of Corr. Servs., 96 Civ. 9308, 2005 U.S. Dist. LEXIS 9630 at *8, 2005 WL 1161934 (S.D.N.Y. May 17, 2005) (seven-year delay unreasonable).

court record." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (internal quotation marks omitted). In its February M&O, this court found Petitioner's Brady claim to be without merit. Upon reviewing the state record before it, the court found that the Appellate Division's review of Petitioner's Brady claims reasonably determined the facts and reasonably applied a legal standard that was consistent with Supreme Court precedent. (February Order 20-21.) Even if Petitioner's 60(b) motion was timely, this court did not deprive him of any process to which he was entitled in his habeas proceedings. Petitioner's motion on this basis is denied.

Concerning the balance, Petitioner's Rule 60(b) motion is left with two successive claims for habeas relief that the Court of Appeals has not authorized this court to consider. See 28 U.S.C. 2244(b)(3)(A). In these circumstances a district court has two procedural options: (i) "treat the Rule 60(b) motion as a second or successive habeas petition, in which case it should be transferred to [the Court of Appeals] for possible certification," or (ii) "simply deny the portion of the motion attacking the underlying conviction as beyond the scope of Rule 60(b)." See Harris, 367 F.3d at 82.

In deciding whether to transfer portions of a Rule 60(b) motion recharacterized as a new collateral attack on an underlying conviction, the court should consider the adverse consequences that the prisoner might suffer and wish to avoid. See Gitten v. United States, 311 F.3d 529, 533-34 (2d Cir. 2002). Thinking he or she filed a proper motion under Rule 60(b), a prisoner may not have framed a new collateral challenge in a way most likely to survive AEDPA's gate-keeping standards for successive collateral attacks. See id. In addition to avoiding summary denial of a successive petition that was inartfully pleaded as a Rule 60(b) motion, a prisoner may also wish to avoid the risk that later collateral challenges may be denied for abuse of the writ. See id.; see

11

also Whab v. United States, 408 F.3d 116, 119 n.2 (2d Cir. 2005) (noting that the equitable "abuse of the writ" doctrine continues to apply post-AEPDA).

At this point, Petitioner is familiar with the differences between a Rule 60(b) motion and a successive habeas petition. This court previously recharacterized, and transferred to the Court of Appeals, a Rule 60(b) motion that Petitioner filed in this court. (See Memorandum & Order dated May 5, 2008.) The Court of Appeals declined to authorize that successive petition. With the benefit of those decisions, Petitioner may have intentionally filed his present claims in a Rule 60(b) motion to avoid the adverse consequences of having another successive collateral attack denied. For these reasons, the court denies the portions of Petitioner's motion attacking his underlying conviction as beyond the scope of Rule 60(b). Should Petitioner seek to bring those claims in a successive habeas petition, he must first seek authorization from the Court of Appeals. See 28 U.S.C. 2244(b)(3)(A).

## IV. CONCLUSION

For the foregoing reasons, Petitioner's motion is DENIED. (Docket Entries ## 47, 48, and 51.) Petitioner's Brady claim and his second claim asserting a change in the law are both denied as beyond the scope of Rule 60(b). To the extent that Petitioner is asserting a claim based on his brother's affidavit, it is also denied as beyond the scope of Rule 60(b). These claims are unauthorized successive claims for habeas relief. The court is without jurisdiction to address them. Petitioner's third claim that this court failed to afford him sufficient process during his habeas proceedings is denied as untimely under Rule 60(c) and, in the alternative, is denied as without merit under Rule 60(b).

A certificate of appealability shall not issue with respect to Petitioner's third claim because Petitioner has not made a substantial showing of a denial of a constitutional right. See

28 U.S.C. 2253(c); Kellogg v. Strack, 269 F.3d 100, 103 (2d Cir. 2001) (holding that "28 U.S.C. § 2253(c) applies to an order denying a Rule 60(b) motion for relief from a judgment denying a § 2254 petition"). There is no need for this court to issue or deny a certificate of appealability with respect to the portions of Petitioner's motion asserting successive claims for habeas relief. See Rogers v. Artuz, 524 F. Supp. 2d 193, 200-01 (E.D.N.Y. 2007) (noting that there is no need for the district court to issue or deny a certificate of appealability for a Rule 60(b) motion under Kellogg when that motion has been characterized as a successive habeas petition); Harrison v. Senkowski, 247 F.R.D. 402, 419 (E.D.N.Y. 2008). Even were a certificate of appealability required for the denial of these claims, it is denied.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York  
      March 3, 2010

NICHOLAS G. GARAUFIS  
United States District Judge