UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WILLIAM FIGUEROA,

                Petitioner,

      -against-

JAMES J. WALSH, Superintendent, Green Haven
Correctional Facility,

                Respondent.
----------------------------------------------------------------X

**ORDER**

00-CV-1160 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner William Figueroa filed a pro se Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on February 28, 2000, challenging his state court convictions for murder, reckless endangerment, and criminal possession of a weapon. (See Pet. (Dkt. 2).) The court denied his petition in 2001. (See Feb. 2, 2001, Mem. & Order Denying Pet (Dkt. 18) ("Mem. & Order Denying Pet.").) Now before the court are Figueroa's motions: (1) pursuant to Federal Rule of Civil Procedure 60(b) to vacate the court's judgment (Pet. 60(b) Mot. (Dkt. 58) ("Pet. Mot.")); (2) for discovery (Pet. Mot. for Discovery (Dkt. 62)); and (3) for the appointment of counsel (Pet. Mot. to Appoint Counsel (Dkt. 65)). Before the court also are an "Amended Argument" and two letters from Figueroa relating to evidence of his actual innocence. (Pet. Feb. 6, 2013, Ltr. (Dkt. 65); Am. Mot. (Dkt. 67); Pet. Mar. 17, 2013, Ltr. (Dkt. 68) (collectively, "supplemental submissions")). For the following reasons, Figueroa's motions are DENIED, and his supplemental submissions are deemed successive petitions and TRANSFERRED to the Second Circuit.

1

I.  **BACKGROUND**

Petitioner was convicted in New York Supreme Court, Kings County, in 1991 for the murder of Maria Hernandez, who was shot in the head in her bedroom during a drive-by shooting in Brooklyn, NY. (See Gillespie Aff. in Opp'n (Dkt. 63) ¶¶ 4-9.) Figueroa was sentenced to thirty-seven years to life in prison. (Id.)

The extensive state and federal proceedings that followed have been fluly set forth by the court in several previous orders. (See, e.g., Mem. & Order Denying Pet.; Mar. 8, 2010, Mem. & Order Denying Rule 60(b)(6) Mot. (Dkt. 52).) The following are the facts relevant to the motions currently before the court.

After post-conviction proceedings and appeals in the New York state courts, Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this court. (See Gillespie Aff. in Opp'n ¶¶ 10-19.) On February 1, 2001, the court issued a Memorandum & Order denying Figueroa's Petition and concluding that a certificate of appealability would not be issued. (Mem. & Order Denying Pet.) Figueroa appealed, and the Second Circuit denied his appeal. (See Dkts. 20-22.)

On October 23, 2003, Figueroa filed a motion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure styled as a "Petition for Supplemental Argument." (Dkt. 24.) The court denied this motion on April 9, 2004. (Dkt. 29.) Figueroa appealed the court's denial, and his appeal was denied. (Dkts. 30-38.) On May 1, 2008, Figueroa filed a "Motion for Hearing and for Addendum Argument" (Dkt. 40), and the court deemed it a successive petition for habeas corpus and transferred it to the Second Circuit (Dkt. 42). The Second Circuit declined to entertain the successive petition. (Dkt. 46.) On May 11, 2009, Figueroa filed a "Motion to Set

2

Aside Judgment" pursuant to Rule 60(b)(6) (Dkt. 47), and on March 8, 2010, the court denied the motion (Dkt. 52).

On August 6, 2012, Figueroa again moved under Rule 60(b)(6) for relief from his judgment. (Pet. Mot.) He subsequently moved for discovery (Pet. Mot. for Discovery) and to appoint counsel (Pet. Mot. to Appoint Counsel). Respondent filed an opposition to Figueroa's Rule 60(b)(6) motion. (Resp. Opp'n (Dkt. 63).)

Thereafter, Figueroa filed an "Amended Argument" making further arguments as to his motion under Rule 60(b)(6), but also arguing that there is evidence that he is actually innocent of the crime of his conviction, and that the court should grant a hearing on the issue. (Am. Mot. (Dkt. 67).) He included with this submission an affidavit from another inmate relating to an alleged confession by other individuals to the crime for which Figueroa was convicted. (Id.) He also submitted two letters to the court containing further arguments relating to his actual innocence. (See Pet. Feb. 6, 2013, Ltr. (Dkt. 66); Pet. Mar. 17, 2013, Ltr. (Dkt. 68)).

## II.  RULE 60(b) MOTION

Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Subsection 60(b)(6) "permits reopening when the movant shows 'any . . . reason justifying relief from the operation of the judgment' other than the more specific circumstances set out in Rule 60(b)(1)-(5)." Id. at 528-29. To obtain relief under Rule 60(b)(6), a moving party must demonstrate "extraordinary circumstances" justifying the reopening of the final judgment. Id. at 536.

3

However, in habeas corpus proceedings, Rule 60(b) is limited by the restrictions that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") places on a state prisoner's ability to file second or successive applications under section 2254. See 28 U.S.C. 2244(b); Gonzalez, 545 U.S. at 530-33. A district court may only entertain a second or successive petition for habeas relief if the Court of Appeals certifies that the application presents a claim that: "(1) relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"; or (2) presents new facts which could not have previously been discovered. See 28 U.S.C. § 2244(b)(2).

Rule 60(b) motions for relief from a final judgment must not be allowed in a manner that circumvents the statutory restraints on consideration of successive petitions for habeas relief, and thus a motion may only be treated as a proper request for relief under Rule 60(b) if the motion "relates to the integrity of the federal habeas proceeding, not to the integrity of the criminal trial." See Harris v. United States, 367 F.3d 74, 80 (2d Cir. 2004). When a Rule 60(b) motion attacks the underlying conviction, the court has two options: "(1) treat the Rule 60(b) motion as a second or successive habeas petition and transfer it to [the Second Circuit] for possible certification; or (2) simply deny the portion of the motion attacking the underlying conviction as beyond the scope of Rule 60(b)." Id. at 82.

A.   **Figuaroa's Rule 60(b)(6) Motion**

   1.   Figueroa's Motion is Properly Within Rule 60(b)(6)

According to Figueroa, the crux of his initial 60(b)(6) motion is that the Supreme Court's recent opinion in Martinez v. Ryan, 132 S. Ct. 1309 (Mar. 20, 2012), requires the court to excuse the procedural default that prevented substantive review certain of the claims in his original habeas petition. (See Pet 60(b) Mot. at 3 ("The crux of petitioner's motion is that Martinez

requires this Court to excuse his procedural default because of the ineffective assistance of counsel in his State [post-conviction relief] proceedings.").) In Martinez, the Supreme Court created a limited equitable exception to procedural default in circumstances where state prisoners can show that they may have received ineffective assistance of counsel in collateral proceedings that resulted in failure to raise the defaulted claims.[1] See Martinez, 132 S. Ct. at 1318-20.

In the court's Memorandum & Order denying Figueroa's habeas petition, the court concluded that two of Figueroa's eleven claims were procedurally barred and thus could not be examined on the merits. (See Mem & Order Denying Pet. at 11-15.) Figueroa's argument addresses the court's conclusion that it could not contemplate the merits of two of Figueroa's claims. Thus, the court is satisfied that Figueroa's initial motion attacks the integrity of the federal habeas proceedings and is properly within the ambit of Rule 60(b).

    2.    Figueroa Does Not Satisfy Rule 60(b)(6)'s Extraordinary Circumstances Requirement

Figueroa argues that the Supreme Court's 2012 decision in Martinez satisfies the "extraordinary circumstances" requirement. (See Pet. Mot.; Pet. Am. Mot.) In Gonzalez v. Crosby, a habeas petitioner made a Rule 60(b)(6) motion after the district court denied his petition as untimely, arguing that a change in precedent that would allow consideration of his petition qualified as "extraordinary circumstances." Id. at 527-28. The Supreme Court explained that "the District court's interpretation was by all appearances correct under the

---

[1] Specifically, Martinez held that when a state requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances: (1) "where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial"; and (2) where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of Strickland v. Washington, 466 U.S. 668 (1984)." Martinez, 132 S. Ct. at 1318. "In either scenario the prisoner must also 'demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is substantial, which is to say that the prisoner must demonstrate that the claim has some merit.'" Smith v. Fischer, No. 07-CV-2966 (RWS), 2013 WL 357604, at *6 (S.D.N.Y. Jan. 25, 2013) (quoting Martinez, 132 S. Ct. at 1318).

5

[Circuit court's] then-prevailing interpretation [of the habeas statute]" and that "[i]t is hardly extraordinary that subsequently, after petitioner's case was no longer pending, [the Supreme Court] arrived at a different interpretation." Id. at 536. Indeed, "intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." Agostini v. Felton, 521 U.S. 203, 239 (1997); see also Marrero Pichardo v. Ashcroft, 374 F. 3d 46, 56 (2d Cir. 2004) ("[A]s a general matter, a mere change in decisional law does not constitute an 'extraordinary circumstance' for the purposes of Rule 60(b)(6)."). Figueroa's federal habeas proceedings had been final for over a decade when the Supreme Court issued its decision in Martinez.[2] The Martinez decision is not an extraordinary circumstance meriting relief under Rule 60(b)(6). Jackson v. Ercole, No. 09-CV-1054 (MAT), 2012 WL 5949359, at *4 (W.D.N.Y. Nov. 28, 2012) (concluding that the Supreme Court's holding in Martinez did not constitute extraordinary circumstances required to grant relief under Rule 60(b)).

Figueroa cites Smith v. Fischer, No. 07-CV-2966 (RWS), 2013 WL 357604 (S.D.N.Y. Jan. 25, 2013), in support of his argument. (See Pet. Amended Mot. at ¶ 2.) In Smith, however, the court contemplated a motion for reconsideration under Rule 59 based on an intervening change in the law that occurred less than one month after the court entered its order. Smith, 2013 WL 357604, at *4-6. While Rule 59 provides for a court's reconsideration of judgment an intervening change in controlling law, it requires that a motion for such relief be made within twenty-eight days of entry of the judgment. See Henderson v. Metro. Bank & Trust Co., 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007); Fed. R. Civ. P. 59(e). Figueroa is far outside the permissible timeframe for such relief.

---

[2] The Supreme Court denied his petition for a writ of certiorari, arising from his federal proceedings, in October 2001. See Figueroa v. Walsh, 534 U.S. 929 (2001).

6

The court's decision—over ten years ago—was correct under the then-prevailing law regarding procedural default. The fact that the Supreme Court changed precedent more than a decade later is not an extraordinary circumstance warranting relief under Rule 60(b)(6). Therefore, Figueroa's motion for relief under Rule 60(b)(6) must be denied.

B.   **Figueroa's Supplemental Submissions**

Insofar as Figueroa's supplemental submissions raise further arguments relating to the Martinez decision and procedural default, they are properly within Rule 60(b)(6) and, as discussed above, they must be denied. However, the portions of Figueroa's "Amendment Argument" and letters to the court raising claims of actual innocence are not related to the integrity of his federal proceedings. Figueroa cites the court's recent opinion in Lopez v. Miller, 02-CV-2988 (NGG) (LB), 2013 WL 165015 (E.D.N.Y. Jan. 16, 2013), and argues that like Petitioner Lopez, he must be granted an evidentiary hearing as to his actual innocence. (Pet. Feb. 6, 2013, Ltr.) He also protests that the state courts have failed to conduct an evidentiary hearing relating to evidence of his actual innocence. (Am. Mot. at 6.) Because these claims do not relate to the integrity of the federal habeas proceeding but attack the underlying conviction, they are not within a proper request for relief under Rule 60(b)(6). See Harris, 367 F.3d at 80.

Accordingly, the court may either dismiss these claims or deem them successive petitions and transfer them to the Second Circuit. Id. at 82. The court has twice before contemplated motions made by Figueroa under Rule 60(b)(6), denying one and transferring one to the Second Circuit as a successive petition. Figueroa thus has notice that claims that could be deemed successive petitions may be transferred to the Second Circuit. Accordingly, Figueroa's claims of actual innocence raised in his supplemental submissions are deemed successive petitions and are transferred to the Second Circuit.

7

### III. MOTION FOR DISCOVERY AND TO APPOINT COUNSEL

Figueroa has moved for appointment of counsel. (Pet. Mot. for Counsel.) Because the court concludes that his Rule 60(b)(6) motion must be denied and the remainder of his claims must be transferred to the Second Circuit, there is no need to appoint counsel for further proceedings before this court.

Figueroa has also moved for discovery pursuant to the Rule 6(a) of the Rules Governing Section 2254 and 2255 Cases. (Pet. Mot for Discovery.) As discussed above, the claims Figueroa raises that are outside of a proper Rule 60(b)(6) motion constitute a successive § 2254 petition and cannot be heard by this court. Thus, the motion for discovery under § 2254 is denied. Should the Second Circuit authorize Figueroa's successive petition, Figueroa may re-move for appointment of counsel.

### IV. CONCLUSION

For the reasons discussed above, Figueroa's Rule 60(b)(6) motion and his motions for discovery and to appoint counsel are DENIED. The Clerk of the Court is directed to TRANSFER Figueroa's supplemental submissions (Dkts. 66, 67, and 68) to the Second Circuit for possible certification as a successive petition.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
May 16, 2013

NICHOLAS G. GARAUFIS
United States District Judge

8