UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

WILLIAM FIGUEROA,

                        Petitioner,

-against-

JAMES J. WALSH,

                        Respondent.
-----------------------------------------------------------------X

**ORDER**

00-CV-1160 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court are three submissions from pro se Petitioner William Figueroa. These submissions are deemed successive petitions and must therefore be TRANSFERRED to the U.S. Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 2244(b).

The court assumes familiarity with the underlying facts, procedural history, and relevant law, particularly in light of the multiple prior occasions on which this court has construed Petitioner's filings as impermissible successive petitions. (See May 16, 2013, Order (Dkt. 69); Mar. 3, 2010, Order (Dkt. 52); May 1, 2008, Order (Dkt. 42).) Petitioner was convicted of murder in New York Supreme Court, Kings County, in 1991. In addition to direct appeals, Petitioner has filed numerous pro se collateral attacks in this court under 28 U.S.C. § 2254, as laid out in this court's prior orders. (See, e.g., Mar. 3, 2010, Order at 2-5; May 16, 2013, Order at 2-3.) These efforts have all been unsuccessful. (See, e.g., id. at 5-7 (denying Petitioner's motion to vacate the denial of his original habeas petition).)

Before the court are three new pro se submissions (collectively, the "2016 Submissions"): a motion under Federal Rule of Civil Procedure Rule 60(b) seeking to reopen habeas proceedings (Mot. to Reopen (Dkt. 72)); a letter in further support of the Motion to Reopen (Aug. 2, 2016,

Ltr. (Dkt. 74)); and a motion to unseal certain documents from the state criminal proceedings that would allegedly support Petitioner's collateral challenges (Mot. to Set Aside Protective Order (Dkt. 73)). In the 2016 Submissions, Petitioner restates evidentiary challenges that this court has already considered in prior habeas proceedings,[1] and argues that those challenges should be revived in light of two recent decisions from the Supreme Court and the Second Circuit.[2] The court finds that the 2016 Submissions collectively constitute a successive habeas petition because they do not allege any error in Petitioner's prior federal habeas proceedings; rather, they attack the validity of Petitioner's underlying state conviction. See Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005) (explaining that "a Rule 60(b) motion based on a purported change in the substantive law governing the claim" should properly be considered a successive habeas petition); Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004) ("[R]elief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction.").

A district court has no jurisdiction over a successive habeas petition unless the petitioner has successfully sought authorization from the Second Circuit. See Torres v. Senkowski, 316 F.3d 147, 149 (2d Cir. 2003). Petitioner did not seek such authorization. The court will therefore transfer the 2016 Submissions to the Second Circuit under 28 U.S.C. § 1631 to cure want of jurisdiction. See id. at 151-52. **In light of Petitioner's history of impermissible successive motions, the court will not order any further curative transfers. Should Petitioner continue to file successive petitions without first seeking authorization from the**

---

[1] (See, e.g., Mar. 3, 2010, Order at 5-6.)
[2] Petitioner's Motion to Reopen and Motion to Set Aside Protective Order rely on Wearry v. Cain, — U.S. —, 136 S. Ct. 1002 (2016). Petitioner's August 2, 2016, Letter cites Fuentes v. T. Griffin, 829 F.3d 233 (2d Cir. 2016).

2

Second Circuit, this court will exercise its discretion to deny those motions outright. See Harris, 367 F.3d at 82 (permitting district courts to "deny the portion of [a 60(b)] motion attacking the underlying conviction as beyond the scope of Rule 60(b)" rather than effectuating a curative transfer (internal quotation marks and citations omitted)).

For the reasons stated above, the Clerk of Court is respectfully directed to TRANSFER Petitioner's 2016 Submissions (Dkts. 72, 73, and 74) to the Second Circuit for possible certification as a successive petition. The Clerk is further directed to mail a copy of this Order to Petitioner.

SO ORDERED.

Dated: Brooklyn, New York
November 9, 2016

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge