UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WILLIAM FIGUEROA,

                Petitioner,

        -against-

JAMES J. WALSH,

                Respondent.
----------------------------------------------------------------X

**ORDER**

**00-CV-1160 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

    Pro se Petitioner William Figueroa moves under Rule 60(b) of the Federal Rules of Civil Procedure to "reopen the judgment denying federal habeas relief." (Mot. for Reconsid. ("Pet'r Mot.") (Dkt. 78) at 1.) For the following reasons, Petitioner's Motion is DENIED.

    The court assumes familiarity with the underlying facts, procedural history, and relevant law, especially in light of Petitioner's multiple prior filings that this court construed as impermissible successive petitions. (See Nov. 9, 2016, Order (Dkt. 75); May 16, 2013, Order (Dkt. 69); Mar. 3, 2010, Order (Dkt. 52); May 1, 2008, Order (Dkt 42).) Petitioner was convicted of murder in 1991 in the New York Supreme Court, Kings County. In addition to direct appeals, Petitioner has filed numerous pro se collateral attacks under 28 U.S.C § 2254 and Rule 60(b), all of which have been unsuccessful. (See, e.g., Mar. 3, 2010, Order at 2-5; May 16, 2013, Order at 2-3.)

    A district court may only consider a successive habeas petition if the Court of Appeals certifies that the application presents a claim that "(1) relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"; or (2) presents new facts which could not have previously been discovered. See 28 U.S.C. § 2244(b)(2). Rule 60(b) motions, meanwhile, offer an opportunity to seek relief from

1

a final judgment, order, or proceeding for any reason "that justifies relief." Fed. R. Civ. P. 60(b)(6). However, where a Rule 60(b) motion "attacks the underlying conviction[,] . . . the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition, in which case it should [either] be transferred to [the Second Circuit] for possible certification," or denied "'as beyond the scope of Rule 60(b).'" Harris v United States, 367 F.3d 74, 79-82 (2d Cir. 2004) (quoting Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002)).

"In light of Petitioner's history of impermissible successive motions," this court has already warned Petitioner in the strongest terms that he may not circumvent the proper procedure for successive petitions, stating: "Should Petitioner continue to file successive petitions without first seeking authorization from the Second Circuit, this court will exercise its discretion to deny those motions outright." (Nov. 9, 2016, Order at 2-3.) Nonetheless, Petitioner's Motion restates multiple challenges to his underlying conviction, all of which this court rejected 16 years ago.[1] These claims represent successive habeas claims because they do not allege any error in Petitioner's prior federal habeas proceeding. Harris, 367 F.3d at 79-82. Pursuant to the court's prior order, the court declines to "order any further curative transfers." (Nov. 9, 2016, Order at 2.) The court therefore denies these claims as beyond the scope of Rule 60(b).

Petitioner's 30-page Motion contains a single claim that properly seeks relief under Rule 60(b). Petitioner argues that, in light of the Supreme Court's recent decision in Buck v. Davis, — U.S. —, 137 S. Ct. 759 (2017), this court should reconsider one of its prior orders denying a previous Rule 60(b) motion. Because this claim attacks a prior order from this court

---

[1] Petitioner's reasserted claims include ineffective assistance of trial counsel (compare, e.g., Pet'r Mot. ¶¶ 5-8 with Feb. 2, 2001, Mem. & Order ("2001 M&O") (Dkt. 18) at 11-13); ineffective assistance of appellate counsel (compare, e.g., Pet'r Mot. ¶ 3 with 2001 M&O at 13-15); a defective indictment (compare Pet'r Mot. ¶¶ 13-14 with 2001 M&O at 15); allegedly inappropriate conduct by the trial court (compare Pet'r Mot. ¶¶ 35-39 with 2001 M&O at 22-23); and flawed jury instructions (compare Pet'r Mot. ¶¶ 40-41 with 2001 M&O at 23-24).

2

rather than Petitioner's underlying conviction, the claim is properly brought as a new motion under Rule 60(b). Harris, 367 F.3d at 79-82.

In an order dated May 22, 2013 (the "May 2013 Order"), this court rejected Petitioner's Rule 60(b) claim that reconsideration was merited under the new law established in Martinez v. Ryan, 566 U.S. 1 (2012). (May 2013 Order at 6.) Martinez held that "when a State requires a prisoner to raise a claim of ineffective assistance at trial in a collateral proceeding, a prisoner may establish cause for procedural default of such claim" when "appointed counsel in the initial-review collateral proceeding . . . was [constitutionally] ineffective." 566 U.S. at 14 (citation omitted). This court denied Petitioner's motion, concluding that "the fact that the Supreme Court changed precedent more than a decade" after the original denial of Petitioner's habeas petition "is not an extraordinary circumstance warranting relief under Rule 60(b)(6)." (May 2013 Order at 8.) Petitioner now argues that the Supreme Court's recent decision in Buck implies that Martinez can be applied retroactively, and that this court should reconsider its rejection of Martinez as an "extraordinary circumstance" meriting relief under Rule 60(b). Pet'r Mot. ¶¶ 10-12.

Petitioner has misconstrued the holding in Buck. While the Buck Court did "conclude that Martinez . . . appl[ies] to [the habeas petitioner's] claim," the Court noted that the respondent had failed to raise the issue of retroactivity in the lower courts, and had consequently waived the argument for the purpose of Supreme Court review. See 137 S. Ct. at 780. Indeed, the Court explicitly stated that Buck does not create any binding rule regarding the retroactive application of Martinez. Id. ("We reach no broader determination concerning the application of [Martinez]."). Thus, because the application of Martinez was contingent on the parties' waiver of the retroactivity argument, and because this application was explicitly limited to Buck,

3

Petitioner's Motion fails to provide any relevant grounds for reconsideration of the court's May 2013 Order. Petitioner's claim for reconsideration is denied.

For the foregoing reasons, Petitioner's Motion (Dkt. 78) is DENIED. Petitioner has violated the court's clear warning about successive habeas petitions, a warning issued less than six months before Petitioner signed and sent his Motion. The court must therefore escalate the consequences of non-compliance: **Petitioner is hereby cautioned that filing additional meritless motions may, on notice and opportunity to be heard, lead the court to enjoin him from further filings in this matter without first obtaining permission from the court.**[2] The Clerk of Court is respectfully directed to send a copy of this order to pro se Petitioner.

SO ORDERED.

Dated: Brooklyn, New York
July 6, 2017

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

[2] "The district courts have the power and obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and [imposing] an unnecessary burden courts and their supporting personnel." Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotation marks, alterations, and citation omitted).