D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
   WILLIAM FIGUEROA,

                    Petitioner,

          -against-

   JAMES J. WALSH,

                    Respondent.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**00-CV-1160 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

On July 11, 2017, the court issued an order (the "July Order") denying a motion for reconsideration filed by pro se Petitioner William Figueroa under Federal Rule of Civil Procedure 60(b), the latest in a string of unsuccessful collateral attacks on Petitioner's 1991 conviction in New York State court. (Jul. 11, 2017, Order (Dkt. 79); see also Nov. 9, 2016, Order (Dkt. 75); May 16, 2013, Order (Dkt. 69); Mar. 3, 2010, Order (Dkt. 52); May 1, 2008, Order (Dkt 42).) Before the July Order was docketed, Petitioner submitted a letter supplementing his Rule 60(b) motion (the "60(b) Supplement"). (Pet'r Suppl. to Mot. for Recons. ("Pet'r Suppl.") (Dkt. 80).) After the July Order was docketed, Petitioner filed a Notice of Appeal. (Not. of Appeal (Dkt. 81).) The court construes the 60(b) Supplement as a new motion for reconsideration, and finds that it must be denied for reasons substantially similar to those laid out in the July Order. The court finds that no Certificate of Appealability shall issue as to the July Order or as to this Order.

I.    **PETITIONER'S NEW MOTION FOR RECONSIDERATION**

The court assumes familiarity with the underlying facts, procedural history, and relevant law. In May 2013, the court rejected Petitioner's Rule 60(b) claim that reconsideration was merited based on the Supreme Court's decision in Martinez v. Ryan, 566 U.S. 1 (2012). (May

1

16, 2013, Order.) In the July 2017 Order, the court rejected Petitioner's argument that reconsideration of that decision was merited based on Buck v. Davis, — U.S. —, 137 S. Ct. 759 (2017). (Jul. 11, 2017, Order at 2-4.) In Petitioner's 60(b) Supplement, he once again asserts an argument under newly decided Supreme Court precedent, arguing that Davila v. Davis, — U.S. —, 137 S. Ct. 2058 (2017), "helped define the rule of the Supreme Court in addressing the holding in Martinez" and helps to "establish the extraordinary circumstances require[d] by Rule 60(b)," thus "warrant[ing] the reopening of [Petitioner's] case here." (Pet'r Suppl. at 2-3.)

Because this claim attacks a prior order from this court rather than Petitioner's underlying conviction, the claim is properly brought as a new motion under Rule 60(b), and will not be construed as a successive habeas petition. See Harris v. United States, 367 F.3d 74, 79-82 (2d Cir. 2004). However, the 60(b) Supplement fails to provide grounds for reconsideration of any prior order from this court, and must therefore be denied.

As an initial matter, Petitioner's summary of Davila is inaccurate. Petitioner asserts that "the change in law worked by Davila/Buck/Martinez . . . establish[es] the extraordinary circumstances require[d] by Rule 60(b)." (Pet'r Suppl. at 3.) As relevant for the present case, however, the Davila Court merely declined "to extend Martinez to allow a federal court to hear a . . . procedurally defaulted[] claim of ineffective assistance of appellate counsel when a prisoner's state postconviction counsel provides ineffective assistance by failing to raise that claim." Davila, 137 S. Ct. at 2065. Davila did not instruct that Martinez should be applied retroactively to Petitioner's case, nor did it create any new rule of constitutional law such that Petitioner's previously barred claims could now be reviewed by a district court. Thus, Davila does not provide a basis for reconsideration because it has no effect on the court's reason for dismissing Petitioner's prior Rule 60(b) motion. The 60(b) Supplement is denied.

## II. CERTIFICATES OF APPEALABILITY

When the district court denies relief in a habeas action, the court must determine whether a Certificate of Appealability ("COA") shall issue. 28 U.S.C. §§ 2253(c)(1); Fed. R. App. P. 22(b); 2d Cir. Local R. 22.1(a). A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In addition, the COA must "indicate which specific issue or issues satisfy" that standard. Id. § 2253(c)(3). As the Supreme Court has emphasized:

> The COA inquiry . . . is not coextensive with a merits analysis. At the COA stage, the only question is whether . . . "jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."

Buck, 137 S. Ct. at 773 (quoting Miller–El v. Cockrell, 537 U.S. 322, 327 (2003)). Under this standard, the court concludes that a COA shall not issue with regard to either the July 11 Order or this Order. Both orders resolved Rule 60(b) motions that were premised on inaccurate characterizations of Supreme Court decisions. For that reason, Petitioner failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2255(c)(2).

## III. CONCLUSION

For the reasons stated above, the court DENIES Petitioner's motion for reconsideration (Dkt. 80) and finds that NO CERTIFICATE OF APPEALABILITY SHALL ISSUE with regard to both this Order and the court's July 11, 2017, Order (Dkt. 79). The Clerk of Court is respectfully directed to send a copy of this Order to pro se Petitioner.

SO ORDERED.

Dated: Brooklyn, New York
July 28, 2017

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

3