UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
WILLIAM FIGUEROA,

               Petitioner,

    -against-

JAMES J. WALSH,

               Respondent.

**MEMORANDUM & ORDER**
00-CV-1160 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

The court has received three submissions from *pro se* Petitioner William Figueroa. (*See* Feb. 28, 2019 Letter Mot. for Leave to File Rule 60(b)(6) Mot. (Dkt. 85); Sept. 30, 2019 Mot. to Compel (Dkt. 86); Apr. 3, 2020 Mot. for Release due to COVID-19 Pandemic (Dkt. 87).) In brief, Mr. Figueroa seeks leave to file a motion to reopen this proceeding in light of the Second Circuit's decision in *Fernandez v. Capra*, 916 F.3d 215 (2d Cir. 2019), for certain discovery, and for an order granting his immediate release in light of the ongoing COVID-19 pandemic. For the reasons discussed herein, all three motions are DENIED.

The court assumes familiarity with the underlying facts, procedural history, and relevant law as set forth in its prior decisions. (*See, e.g.*, Nov. 9, 2016 Order (Dkt. 75); May 16, 2013 Order (Dkt. 69); Mar 3, 2020 Order (Dkt. 52); May 1, 2008 Order (Dkt. 42).) Petitioner was convicted of murder in 1991 in the New York Supreme Court, Kings County. Since his conviction, Petitioner has filed multiple successive petitions and received multiple warnings that further filings may result in the imposition of sanctions.

Petitioner's first submission seeks leave to file a Rule 60(b)(6) motion to reopen this proceeding in light of the Second Circuit's 2019 decision in *Fernandez*. Though the motion is styled as a challenge to the validity of this court's February 1, 2001 order

1

denying Petitioner's original habeas petition, this challenge is premised on subsequent developments in the substantive law and, as such, is properly construed as a motion for leave to file a successive habeas petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005) (Rule 60(b) motion "based on a purported change in the substantive law governing the claim" is properly construed as second or successive petition). As this court has repeatedly advised Petitioner, such applications must be made to the United States Court of Appeals for the Second Circuit in the first instance, as this court lacks jurisdiction over any successive petitions unless Petitioner has first sought and received authorization from that court. (*See, e.g.*, Nov. 9, 2016 Order.) Further, the court previously warned Petitioner that "[s]hould [he] continue to file successive petitions without first seeking authorization from the Second Circuit, the court will exercise its discretion to deny those motions outright." (*Id.*) The court so exercises its discretion, and the motion is DENIED.

Petitioner's third submission, seeking immediate release due to the COVID-19 pandemic, raises an entirely new basis for relief and is likewise construed as a second or successive petition. Accordingly, the court DENIES that motion for the reasons discussed in the preceding paragraph.[1]

Finally, Petitioner's second submission seeks an order compelling production of several documents that he contends qualify as *Brady* material. Since, however, a judgment against Petitioner was entered on February 5, 2001 (*see* Dkt. 19), he cannot move this court for leave to take discovery unless and until these proceedings are reopened, either by this court under Rule 60, or by

---

[1] Even if this court had jurisdiction to entertain this petition, it would lack jurisdiction to grant the requested relief, which is properly sought in the courts of the State of New York in the first instance.

the Second Circuit under 28 U.S.C. § 2244(b). Accordingly, this motion is also DENIED.

For the foregoing reasons, Petitioner William Figueroa's (Dkt. 85) Motion for Leave to File a Rule 60(b)(6) Motion, Petitioner's (Dkt. 86) Motion to Compel, and Petitioner's (Dkt. 87) Motion for Release are each DENIED.

The Clerk of Court is respectfully DIRECTED to mail a copy of this order to *pro se* Petitioner William Figueroa at his address of record.

SO ORDERED.

Dated:   Brooklyn, New York
         May 6, 2020

                                             /s/ Nicholas G. Garaufis
                                             NICHOLAS G. GARAUFIS
                                             United States District Judge