UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WILLIAM FIGUEROA,

                Petitioner,

    -against-

JAMES J. WALSH,

                Respondent.

**MEMORANDUM & ORDER**
00-CV-1160 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

The court is in receipt of two submissions from William Figueroa, dated July 27, 2021, and January 3, 2022. (*See* July 27, 2021, Letter Mot. for Leave to File Rule 60(b)(6) Mot. ("July Mot.") (Dkt. 89); Jan. 3, 2022, Letter Mot. for Leave to File Rule 60(b)(6) Mot. ("Jan. Mot.") (Dkt. 90).) Mr. Figueroa requests permission to move the court according to Fed. Rule Civ. P. 60(b)(6) for reconsideration of its February 1, 2001, order denying the petitioner's writ of habeas corpus (Dkt. 18). In his first motion, Mr. Figueroa seeks leave to file a motion to reopen the proceeding in light of the Supreme Court's decision in *Borden v. United States*, 141 S. Ct. 1817 (2021) and the Due Process Protections Act, signed into law October 21, 2020. In his second motion, Figueroa seeks the same relief alleging deliberate indifference to his conditions of confinement related to COVID-19.

The court assumes familiarity with the underlying facts, procedural history, and relevant law as set forth in its prior decisions. (*See, e.g.*, May 6, 2020 Order (Dkt. 88); July 31, 2017 Order (Dkt. 82); Nov. 9, 2016 Order (Dkt. 75); May 16, 2013 Order (Dkt. 69); Mar 3, 2010 Order (Dkt. 52); May 1, 2008 Order (Dkt. 42).) Petitioner was convicted of murder in 1991 in the New York Supreme Court, Kings County. Since his conviction, Petitioner has filed multiple successive petitions and received multiple

warnings that further filings may result in the imposition of sanctions.

## I. Petitioner's First Motion

### A. The *Borden* Claim

Petitioner's first submission seeks leave to file a Rule 60(b)(6) motion to reopen this proceeding in light of the Supreme Court's 2021 decision in *Borden*.

As an initial matter, Petitioner misstates the holding of *Borden*. That case held that, for the purposes of the Armed Career Criminal Act (ACCA), an offense with only the mens rea element of recklessness does not qualify as a "violent felony." *See Borden*, 141 S. Ct. at 1834. It did not hold that such state law classifications were themselves "unconstitutional." (Mot. at 1.) In any case, *Borden* is not applicable to Mr. Figueroa because he was not convicted under ACCA (nor, indeed, of any federal crime).

Moreover, though the motion is styled as a challenge to the validity of this court's February 1, 2001, order denying the original habeas petition, Petitioner's challenge is premised on subsequent developments in the substantive law and, as such, is properly construed as a motion for leave to file a successive habeas petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005) ("[A] Rule 60(b) motion based on a purported change in the substantive law governing the claim" is properly construed as second or successive petition.). As this court has repeatedly advised Petitioner, such applications must be made to the United States Court of Appeals for the Second Circuit in the first instance, as this court lacks jurisdiction over any successive petitions unless Petitioner has first sought and received authorization from that court. (*See, e.g.*, May 6, 2020 Order; Nov. 9, 2016 Order.) Further, the court previously warned Petitioner that "[s]hould [he] continue to file successive petitions without first seeking authorization from the Second Circuit, the court will exercise its discretion to deny those

motions outright." (Nov. 9, 2016 Order at 2-3.) The court again so exercises its discretion, and the motion is DENIED.

### B. The *Brady* Claim

Second, Petitioner appears to argue that the recently adopted Due Process Protections Act creates a new basis upon which to renew arguments he has previously raised alleging failures of state prosecutors to disclose *Brady* material. (*See* Mot. at 2; *see generally* Mar 3, 2010 Order.) The Act provides no such basis. In any event, because this too is an argument rooted in change in substantive law, the court construes it as a successive petition as well, and DENIES the motion.

## II. Petitioner's Second Motion

Finally, Petitioner forwards the court a copy of a filing he submitted in the Southern District, alleging unconstitutional conditions of confinement associated with the COVID-19 pandemic. (Ex. A to Jan. Mot. (Dkt. 90) at ECF pp. 11-12); *see* Pet'r's Mot., *Figueroa v. Keyser*, No. 20-CV-3013 (S.D.N.Y. Dec. 21, 2021) (Dkt. 66).) Observing that the allegation was unrelated to his habeas petition in that court, the court directed Mr. Figueroa to "file a new complaint in this court or another court" if he wished to pursue his claim. (Ex. A to Second/Jan. Mot. at ECF p. 8; *see* Order, *Figueroa*, No. 20-CV-3013 (Dkt. 67).) So Petitioner forwarded his complaint to this court, restyling it as a Rule 60(b)(6) motion and adding the same *Brady* allegation described above.

Having received it, this court also holds that Petitioner's COVID-19 claim is unrelated to the habeas petition the court denied 21 years ago. If he wishes to pursue it, he must file a new civil action. The Rule 60(b)(6) motion is therefore DENIED.

## III. Conclusion

For the foregoing reasons, Petitioner's motions are each DENIED. The Clerk of Court is respectfully DIRECTED to mail a copy of

3

this order to *pro se* Petitioner William Figueroa at his address of record.

SO ORDERED.

Dated:   Brooklyn, New York
         March 22, 2022

                                          /s/ Nicholas G. Garaufis
                                         NICHOLAS G. GARAUFIS
                                         United States District Judge