UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
─────────────────────────────
WILLIAM FIGUEROA,

                  Petitioner,

-against-

JAMES J. WALSH,

                  Respondent.
─────────────────────────────

**MEMORANDUM & ORDER**
**00-CV-1160 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Pending before the court are *pro se* Petitioner William Figueroa's Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(6) (Dkt. 93) (the "Motion") and Motion for a Hearing and Discovery (Dkt. 94). For the reasons discussed herein, Figueroa's Motion for Reconsideration is DENIED, and his Motion for a Hearing and Discovery is DENIED.

### I. BACKGROUND

The court assumes the parties' familiarity with the underlying facts, procedural history, and relevant law as set forth in its prior decisions. (*See, e.g.,* Nov. 9, 2016 Order (Dkt. 75); May 16, 2013 Order (Dkt. 69); Mar 3, 2010 Order (Dkt. 52); May 1, 2008 Order (Dkt. 42).) As explained in previous orders, Figueroa was convicted in New York state court of murder, reckless endangerment, and criminal possession of a weapon in 1991. On February 22, 2000, he filed a petition for habeas corpus, which this court denied on February 1, 2001. (Dkt. 18.) In the years since, he has filed a variety of motions seeking to reopen the habeas proceeding, each of which has been denied.

### II. RULE 60(B) MOTION

Under Rule 60, a party may move for relief from a final judgment or order for a variety of reasons:

- "(b)(1) mistake, inadvertence, surprise, or excusable neglect;"
- "(b)(2) newly discovered evidence;"
- "(b)(3) fraud . . ., misrepresentation, or misconduct by an opposing party;"
- "(b)(4) the judgment is void;"
- "(b)(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or"
- "(b)(6) any other reason that justifies relief." Fed. R. Civ. Pro. 60 ("Rule 60").

Motions made pursuant to Rules 60(b)(1), (2), and (3) must be filed within one year of "the entry of the judgment or order or the date of the proceeding." Rule 60(c)(1). All 60(b) motions must also "be made within a reasonable time." *Id.*

The present motion is Figueroa's eighth Rule 60 motion; each of the prior seven motions have been denied. (*See* May 1, 2008 Order; March 3, 2010 Order; May 16, 2013 Order; July 6, 2017 Order (Dkt. 79); July 28, 2017 Order (Dkt. 82); May 6, 2020 Order (Dkt. 88); March 22, 2022 Order (Dkt. 91).)[1] Several of these Rule 60 motions were denied in full or in part because they constituted an attempt to file a successive petition for habeas corpus, which is only allowed in limited circumstances delineated by 28 U.S.C. § 2244(b), and must be first presented to the Circuit

---

[1] As will be discussed at greater length below, when a habeas petitioner files a Rule 60(b) motion that attacks the underlying conviction, a district court is entitled to either deny the motion outright or transfer the motion to the circuit court for certification as a potential second or successive habeas petition. *See Harris v. United States*, 367 F.3d 74, 82 (2d Cir. 2004). Some of Figueroa's prior motions opted to transfer the motion to the Second Circuit, which denied the request for leave to file a second or successive petition.

Court of Appeals. (*See, e.g.*, March 22, 2022 Order at 2-3; May 16, 2013 Order at 7.)

### A. *Kemp v. United States*

Figueroa's motion primarily relies on the Supreme Court's recent decision in *Kemp v. United States*, 142 S. Ct. 1856 (2022). In *Kemp*, the Supreme Court held that a "mistake," pursuant to rule 60(b)(1), included a mistake of law: that is, where a judge makes a legal error, the aggrieved party must move to correct that error under Rule 60(b)(1) rather than the catch-all provision of Rule 60(b)(6). *Id.* at 1861-62.[2] As a result, the Court held that motions for reconsideration based on such a legal error are subject to the one-year limitations period, rather than the general obligation to make such a motion "within a reasonable time" that governs motions pursuant to Rule 60(b)(6). *Id.* at 1861; *see also* Rule 60(c).

Figueroa argues that the *Kemp* decision means a Rule 60(b)(6) motion is a proper vehicle for challenging an order premised on a mistake of law. (Motion at ECF p. 10.) This is accurate, but is taken out of context.

The Supreme Court has explained that competing considerations arise when Rule 60(b) motions are made to reopen petitions for habeas relief. *See Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). The Antiterrorism and Effective Death Penalty Act ("AEDPA") placed limitations on habeas petitioners' ability to bring second or successive petitions when their initial petitions were denied. *Id.* at 529; *see also* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."). While the normal operation of Rule 60(b) may provide an alternate avenue for pursuing a second or successive habeas corpus petition, the Federal Rules of Civil Procedure apply only

---

[2] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

"to the extent that they are not inconsistent with any statutory provisions." 28 U.S.C. § 2254 Rule 12; *accord Gonzalez*, 545 U.S. at 529. AEDPA, the relevant "statutory provision," does not allow successive petitions unless the court of appeals first determines that the petition raises a claim which was not previously adjudicated and which is based on a new and retroactive rule of constitutional law (or a high probability of actual innocence). *Id.* at 529-30. Rule 60(b), therefore, cannot provide an independent basis for bringing a petition that would run afoul of the AEDPA restrictions. *Id.* at 531 ("Using Rule 60(b) to present new claims for relief . . . circumvents AEDPA's requirement.").

*Gonzalez* nonetheless held that Rule 60(b) retained some purpose in habeas proceedings: it is an appropriate vehicle for an argument which "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.* at 532. In these situations, the Rule 60(b) motion wil be treated as such and not construed as a successive habeas petition. *Id.* at 531-32. *Kemp* arose in such a context. *See* 142 S. Ct. at 1860. In that case, petitioner Kemp's original habeas petition was denied as untimely. *Id.* Almost two years later, Kemp filed a motion for reconsideration pursuant to Rule 60(b)(6), arguing that the court made an error of law in determining the habeas petition was untimely, *id.* at 1860-61,—plainly, a "defect in the integrity of the federal habeas proceedings." The district court determined that Kemp's Rule 60(b) motion was *also* untimely, because any complaint of legal error was a type of "mistake" under Rule 60(b)(1) and therefore was subject to the one-year bar in Rule 60(c). *Id.* at 1861. The Supreme Court ultimately affirmed that decision. *Id.* at 1865.

Figueroa's present motion invokes *Kemp* and *Gonzalez* in two ways. First, he argues that these cases illustrate that his present

4

motion is appropriately considered a 60(b) motion, not a successive habeas petition, because it attacks the propriety of the denial of his initial habeas petition and the denials of his various Rule 60(b) motions since. (Motion at ECF pp. 9-10.) Second, he also argues that the prior denials of Rule 60(b) motions were improper, since they were construed as successive habeas petitions. (*Id.* at ECF p. 9.)

Figueroa is correct on the first point: insofar as the current motion argues Figueroa's prior motions were improperly denied, it raises a defect in the integrity of the federal proceedings and is properly presented as a motion under Rule 60(b). The argument falls apart on the second step, though—Figueroa's prior motions raised defects in the underlying state criminal proceedings, and therefore were properly denied by this court as successive habeas petitions brought by another name. *See, e.g., Figueroa v. Walsh*, No. 00-CV-1160 (NGG), 2022 WL 843732, at *1(E.D.N.Y. Mar. 22, 2022) ("Petitioner's challenge . . . is properly construed as a motion for leave to file a successive habeas petition.").[3]

*Kemp* raises a second issue for Figueroa's present motion. That decision held that a motion for reconsideration premised on a legal error was properly considered an argument of "mistake" under Rule 60(b)(1), *Kemp*, 142 S. Ct. at 1862, and therefore must be brought within one year of the judgment or order being challenged. *See* Rule 60(c). Figueroa's habeas petition was first denied in February 2001, and his first request for reconsideration styled as a 60(b) motion was filed over six and a half years later, in November 2007. (*See* Dkt. 41.) The present motion was filed in June 2022. Even if Figueroa identified a legal error in the disposition of his habeas petition or denial of his first Rule 60(b) motion warranting reconsideration, he has failed to bring these

---

[3] As discussed *infra* at Part II.B, Figueroa also re-raises those constitutional arguments regarding the state court prosecution, once again running afoul of AEDPA's rules for second and successive petitions.

5

issues before the court within the one-year timeframe imposed by Rule 60(c) and *Kemp*.

The only order that could be timely addressed in a Rule 60(b)(1) motion is this court's March 2022 denial of Figueroa's most recent motion for reconsideration. In that motion, Figueroa raised constitutional arguments regarding his state court prosecution that were plainly inapplicable to his case, *Figueroa*, 2022 WL 843732, at *1, and re-raised arguments that were already rejected in the initial habeas petition, in contravention of AEDPA's rules. *Id.* at *2. Both arguments go to defects of the underlying state proceeding, so—pursuant to the *Kemp* and *Gonzalez* analysis—this court made no error in denying that motion.

### B. Constitutional Claims

Next, Figueroa raises a variety of constitutional claims regarding the initial state court prosecution. These claims included arguments that the prosecution failed to turn over important exculplatory materials as required under *Brady v. Maryland*, 373 U.S. 83 (1963); the indictment should have been dismissed due to defects in the grand jury proceeding; he received ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984); the voluntariness of his confession; and his actual innocence. (*See* Motion at ECF pp. 17-22.) Many of these arguments have been addressed on prior motions. *See, e.g., Figueroa*, 2022 WL 843732, at *2; *Figueroa v. Walsh*, No. 00-CV-1160, 2010 WL 772625, at *6 (E.D.N.Y. Mar. 4, 2010); *Figueroa v. Walsh*, No. 00-CV-1160 (NGG), 2007 WL 2288048, at *2 (E.D.N.Y. Aug. 8, 2007).

Even if Figueroa were to raise new claims, though, such arguments are beyond the scope of Rule 60(b) and, as stated in this court's prior orders, must first be presented to the Second Circuit as a motion for leave to file a successive habeas petition. *See Harris v. United States*, 367 F.3d 74, 82 (2d Cir. 2004). Figueroa has

not done so. Accordingly, if any of Figueroa's arguments regarding the constitutionality of his conviction were not already presented in his prior motions or original habeas petition, this court is without authority to address the merits of those arguments. *Id.* Because this court has already, on several prior occasions, referred the same arguments to the Second Circuit and informed Figueroa of the necessity of first obtaining leave from the Second Circuit to file a successive petition, the court will exercise its authority to "simply deny the portion of the motion attacking the underlying conbviction as beyond the scope of Rule 60(b)." *Id.*

### III. MOTIONS FOR EVIDENTIARY HEARING AND DISCOVERY

Figueroa also moves for an evidentiary hearing regarding and discovery into his constitutional claims. (*See* Dkt. 94.) These motions are related to the claims which, as discussed above, fall outside the scope of a proper Rule 60(b) motion. Thus, these motions are DENIED.

### IV. CONCLUSION

For the reasons discussed above, Figueroa's Rule 60(b) Motion and Motion for an Evidentiary Hearing and Discovery are DENIED.

SO ORDERED.

Dated:   Brooklyn, New York
         December 19, 2022

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge