UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WILLIAM FIGUEROA,

                        Petitioner,

              -against-

JAMES J. WALSH,

                     Respondent.

**MEMORANDUM & ORDER**

**00-CV-1160 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Pending before the court is *pro se* Petitioner William Figueroa's Motion for Reconsideration of the court's February 1, 2001, order denying his writ of habeas corpus. (Letter from William Figueora dated June 15, 2025 ("Figueroa Letter") (Dkt. 100-1); Mot. for Recons. ("Mot.") (Dkt. 100) ECF pp. 2-4; Aff. in Support ("Aff.") (Dkt. 100) at ECF pp. 5-29); Feb. 2, 2001 Order Denying Habeas ("Order Denying Habeas") (Dkt. 18).) For the reasons that follow, Figueroa's Motion for Reconsideration is DENIED.

## I. BACKGROUND

The court assumes familiarity with the underlying facts, procedural history, and relevant law as set forth in its prior decisions. (*See, e.g.,* Dec. 19, 2022 Order (Dkt. 95); May 6, 2020 Order (Dkt. 88); July 28, 2017 Order (Dkt. 82); Nov. 9, 2016 Order (Dkt. 75); May 16, 2013 Order (Dkt. 69); Mar. 4, 2010 Order (Dkt. 52); May 1, 2008 Order (Dkt. 42); Apr. 9, 2004 Order (Dkt. 29); Order Denying Habeas.) As explained in previous orders, in 1991 Figueroa was convicted in New York state court of murder, reckless endangerment, and criminal possession of a weapon. On February 22, 2000, he filed a petition for habeas corpus under 28 U.S.C. § 2254, (Dkt. 2), which this court denied on February 1, 2001. (Order Denying Habeas.) In the years since, Figueroa has

1

filed a variety of motions seeking to reopen the habeas proceeding, each of which has been denied.

## II.  LEGAL STANDARDS

A *pro se* petitioner's petition should be "read liberally and should be interpreted 'to raise the strongest arguments that [it] suggest[s].'" *Cosey v. Lilley*, 460 F. Supp. 3d 346, 366 (S.D.N.Y. 2020), *aff'd*, 62 F.4th 74 (2d Cir. 2023) (quoting *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)).

Under Federal Rule of Civil Procedure 60(b), a party may move for relief from a final judgement or order for a variety of reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60. Motions made pursuant to Rule 60(b)(1)-(3) must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." *Id.* All Rule 60(b) motions "must be made within a reasonable time." *Id.* Under *Kemp v. United States*, 596 U.S. 528, 530 (2022), "mistake" under Rule 60(b)(1) includes a mistake of law, or where a judge makes a legal error, and a party must move under that subsection to correct the error rather than the catch-all provision of Rule 60(b)(6).

Relief under Rule 60(b)(6) "requires extraordinary circumstances." *BLOM Bank Sal v. Honickman*, 605 U.S. 204, 206 (2025). This is a "strict standard." *Id.* at 212; *see also Harris v.*

2

*United States*, 367 F.3d 74, 80 (2d Cir. 2004) (noting that precedent has "narrowly cabined" relief under Rule 60(b)(6)). Indeed, "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Agostini v. Felton*, 521 U.S. 203, 239 (1997); *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 56 (2d Cir. 2004) ("We note that, as a general matter, a mere change in decisional law does not constitute an 'extraordinary circumstance' for the purposes of Rule 60(b)(6)."), *overruled on other grounds by Donnelly v. Controlled Application Rev. & Resol. Program Unit*, 37 F.4th 44, 57 (2d Cir. 2022).

Motions for reconsideration are subject to the successive habeas motion requirements of Section 2254. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). Thus, the court must determine if the motion attacks a defect in the integrity of the federal habeas proceeding. If so, it is construed as a true motion for reconsideration. *Id.* But if the motion attacks the substance of the federal court's ruling on the merits, it is construed as a successive habeas petition. *Id.* If the court concludes that it is a true motion for reconsideration but is meritless, it must deny the motion. *Harris*, 367 F.3d at 82. However, if the motion attacks the underlying conviction, the court may treat the motion as a successive habeas petition and transfer it to the Second Circuit for possible certification, or deny it as attacking the underlying conviction. *Id.*

### III. DISCUSSION

As with prior motions before this court, Figueora mixes attacks on the court's habeas proceedings with attacks on his underlying conviction. However, they end with the same result: the part of his motion that attacks the prior habeas proceedings is denied. To the extent that portions of his motion are collateral attacks on his state court conviction, he has not followed the correct procedure for review and that portion is also denied.

3

### A. Parts of the Motion Construed as Motion for Reconsideration

A significant portion of Figueroa's motion addresses this court's alleged failings in considering his original habeas petition. (Mot. ¶ 5; *see also* Order Denying Habeas.) Specifically, Figueora claims that "[w]hen Judge Garaufis denied petitioner's federal habeas petition [he] did not follow the procedures set forth in *Napue v. Illinois*, 360 U.S. 264 (1959)." (*Id.* ¶ 8.) Such would be a mistake of law, which, under *Kemp*, would need to be brought to the court's attention within one year. 596 U.S. at 528 (discussing Rule 60(b)(1)). As this motion was made three years after the prior one, and twenty-five years after this court originally denied Petitioner's habeas petition, the court cannot consider any *Napue* violation standing alone. (*See* Mot. for Recons. ("Prior Mot.") (Dkt. 93); Order Denying Habeas.)

Petitioner avails himself of Rule 60(b)(6)'s catchall by attempting to shoehorn a *Napue* violation through new caselaw, namely *Glossip v. Oklahoma*, 604 U.S. 226, 248 (2025). While this claim compels this court to consider aspects of his petition under Rule 60(b), it ultimately provides him no relief because that case merely applied *Napue*.[1]

Figueroa several times uses *Glossip* for the rule statement that "evidence can be material if it goes to the credibility of the witness." (Mot. ¶¶ 3, 13, 15, 19.) Figueora does not misstate the law. But he crucially misunderstands that even to reach the question of whether such evidence can be material to a jury's finding, he first "must show that the prosecution knowingly solicited false testimony or knowingly allowed it 'to go uncorrected when it appear[ed].'" *Glossip*, 604 U.S. at 246 (quoting *Napue*, 360 U.S. at

---

[1] "The purpose of this reconsideration [*sic*] is to bring to the Court's attention the decision in *Glossip v. Oklahoma*, 145 S. Ct. 612 (2025), which [*sic*] federal habeas corpus remains as important as ever for addressing constitutional errors in criminal cases." (Mot. ¶ 24.)

4

269). Only then, "if the defendant makes that showing" can a new trial be ordered if the false testimony "may have had an effect on the outcome of the trial." *Id.* (quoting *Napue* 360 U.S. at 272).

*Glossip* is not a change in controlling law which constitutes "extraordinary circumstances" for this court to reopen its prior judgment. *Ashcroft*, 374 F.3d at 56; *see In re Killen*, No. 25-CV-13084, 2025 WL 4052407, *3 (11th Cir. Oct. 3, 2025), *cert. denied sub nom. Killen v. United States*, No. 25-CV-6585, 2026 WL 490517 (U.S. Feb. 23, 2026) ("[T]he Supreme Court's decision in *Glossip* did not establish a new rule of constitutional law, as the Court merely applied *Napue* and clarified the materiality analysis for *Napue* error."); *McConnell v. Bean*, No. 10-CV-0021 (GMN) (CSD), 2026 WL 280639, at *3 (D. Nev. Feb. 3, 2026) (same). Given that *Glossip* is not a change in controlling law, this portion of his petition must fail.

Figueroa's arguments also founder on the rocks of *Napue*'s threshold question: whether he has adduced evidence that the prosecution knowingly elicited or failed to correct false testimony. 360 U.S. at 269. There are also no new facts—despite Figueroa's representations to the contrary—that could allow this court to reach a different conclusion.

Figueora attempts to marshal *Glossip* to continue his nearly twenty-five-year legal challenge to the allegedly false and coerced testimony of Antonio Duran. (Mot. ¶ 13; Order Denying Habeas at 5 (reciting denial of petition for writ of error coram nobis on several grounds including "fraud by the prosecution coercing Antonio Duran to give false testimony at trial.")) These attacks fail.

The court has already considered and rejected Figueroa's argument regarding Duran's testimony in these habeas proceedings and made no error in doing so. *Glossip* does not change its analysis. In the court's M&O denying Figueroa's original habeas

5

York Appellate Divsion, where each found that Duran's post-conviction recantation "was incredible." (Order Denying Habeas at 10.) Consequently, it concluded that no governmental misconduct or coercion had taken place" and that these claims were "either unpreserved for appellate review or without merit." (*Id.*) Under Section 2254(d)(2), a state court's findings of fact are "presumed to be correct" and the habeas petitioner bears the burden of "rebutting the presumption of correctness by clear and convincing evidence." *Brown v. Alexander*, 543 F.3d 94, 100 (2d Cir. 2008) (citing § 2254(e)). Here, the court concludes that Figueroa has not raised any new evidence or arguments that constitute clear and convincing evidence to overturn the state court's findings.[2] Merely alleging that *Glossip* presents similar facts (it does not) fails to clear this bar.

On top of all that, Figueroa's reliance on *Glossip* is misplaced. There, the main witness tying the defendant to a murder lied about his medication use on the stand, and the prosecution knowingly failed to correct the error. *Glossip*, 604 U.S. at 247. There are some obvious factual differences, like the state prosecution turning over seven boxes of previously undisclosed evidence and the state attorney general himself joining Glossip in asserting a *Napue* error. (*Id.* at 237, 246). Additionally, Figueora fails to establish *Glossip*'s prerequisite showing that the prosecution "knowingly solicited false testimony or knowingly allowed it to go uncorrected when it appear[ed]." *Id.*; *Hampton v. Lee*, No. 12-CV-2145 (JGK), 2025 WL 1126777, at *8 (S.D.N.Y. Apr. 16, 2025) (declining to consider materiality having decided allegations of false testimony were meritless); *see also United States v. Padilla*, No. CR-22-0634 (JB), 2025 WL 974055, at *68

---

[2] While Figueroa claims that Duran's recantation is "undisclosed new evidence," the court expressly discussed this in its original denial of the writ. (Order Denying Habeas at 3.) It cited the trial court's January 27, 1992 underlying denial of his motion on the same ground, which the Appellate Division affirmed on March 27, 1995. (*Id.*)

6

n.38 (D.N.M. Apr. 1, 2025) (finding that no *Napue* violation where the United States did not "knowingly solicit false testimony . . . or allow false testimony to go uncorrected"). As described, multiple state courts much closer to the facts already found such claims meritless. (*See generally* Order Denying Habeas.)

The question of whether records allegedly showing that Duran did not reside at the Greenpoint Shelter is slightly more on point. But more than twenty-five years ago this court already considered and rejected his argument that the delayed disclosure of these documents was sufficient to find a *Brady* violation. (Order Denying Habeas at 20.) Even so, the disclosure of these records would not have helped Figueroa dodge *Napue*'s threshold requirement, which compels him to show that these records somehow proved the government solicited and knowingly failed to correct false testimony. *See Glossip*, 604 U.S. at 246 (quoting *Napue*, 360 U.S. at 269).

Therefore, even considering *Glossip*, the court finds that Figueora's claims lack merit. They fail to satisfy *Napue* or *Glossip*'s first step; thus, they do not disturb any previous ruling of this court or grant him a new trial.

### B. Parts of the Motion Construed as a Successive Habeas Petition

The court construes the remainder of the motion as a successive habeas petition, as Figueroa asks the court to reevaluate the evidence presented in his original trial in light of newer legal precedents. These arguments must be presented to the Second Circuit as a motion for leave to file a successive habeas petition. *See Harris*, 367 F.3d at 82.

In support of his Rule 60(b) motion, Figueroa raises *Glossip*, *BLOM Bank Sal v. Honickman*,[3] and *Andrew v. White*[4]— 2025 Supreme Court cases—to argue that the law has changed. (Mot. ¶ 9, 12, ECF p. 28.) Namely, Figueroa figures that the court's prior order on his habeas petition must be vacated and he must be afforded an evidentiary hearing. (*Id.*) Even though the court doubts that such cases rise to the "extraordinary circumstances

---

[3] *BLOM Bank Sal v. Honickman*, 605 U.S. 204 (2025). Figueroa "seeks leave to file a motion to reopen the proceeding in light of Rule 60(b)(6) [] to bring the Court's attention and decision in *BLOM Bank Sal . . .*" (Mot. at ECF p. 2.) In *BLOM Bank*, the Supreme Court held that "a party seeking to reopen his case and replead must first satisfy Rule 60(b) on its own terms and obtain Rule 60(b) relief before Rule 15(a)'s liberal amendment standard can apply." *Id.* at 210. The Supreme Court also reiterated that Rule 60's catchall provision "requires extraordinary circumstances" and that this is a "strict standard." *Id.* at 215. It is not clear why Petitioner thinks this case helps him. Not only is this the wrong procedural posture, as Figueroa is not seeking to amend any complaint, but the Supreme Court explicitly reiterated that doing so would require "extraordinary circumstances" and the "strict standard" does not inure to Petitioner's benefit. *Id.* If anything, it does the opposite, given that even the mere change in decisional law does not count as "extraordinary circumstances" for purposes of Rule 60. *Ashcroft*, 374 F.3d at 56.

[4] In a footnote, Figueora cites *Andrew v. White*, 604 U.S. 86 (2025) as a catchall to grant him leave to file his motion for reconsideration under Rule 60(b)(6). (Mot. ¶ 30 n.3.) He also uses the case to argue that a newspaper article allegedly introduced in trial prejudiced his case. (Mot. ¶¶ 45-52.) But *Andrew v. White* simply clarified that principles from Supreme Court opinions are holdings for the purposes of the AEDPA. *See id.* at 92. Thus, the rule from *Payne v. Tennessee*, 501 U.S. 808 (1991) that the Due Process Clause could in some instances "protect against the introduction of unduly prejudicial evidence at a criminal trial" was a holding for purposes of AEDPA. *Id.* at 93. *Payne* makes no mention of Rule 60. *Id.* Any claim that the introduction of the newspaper article violated the Confrontation Clause or prejudiced Figueroa's case is a direct attack on his underlying conviction. (Mot. ¶¶ 45-52.)

required for relief" it cannot hear successive petitions at this juncture. *Agostini*, 521 U.S. at 239; *Harris*, 367 F.3d at 82.

Figueroa attacks his underlying conviction with these new precedents for 14 pages, reciting many of the claims this court has previously rejected in his prior orders. (Mot. ¶¶ 25-56.) Also, perhaps emboldened by *Glossip*, he newly alleges that the State's ballistics expert, Detective Stephen Bettenhauser, gave false testimony and the prosecutor failed to correct it. (Mot. ¶ 15.)[5] Because Figueora did not raise, and the court did not consider, this allegation of false testimony in his last petition,[6] and it does not attack the habeas proceeding but instead the Petitioner's conviction directly,[7] these direct attacks on the conviction must be construed as a successive petition. *Harris*, 367 F.3d at 82. He also

---

[5] In that paragraph Figueora adds more allegations:

> "(1) the testimony of the trial witness was inconsistent and was contradicted by the ballistics evidence; (2) the ballistics evidence and a police [numbered 160 & 202] reports suggest that petitioner did not shoot the victim; (3) his confrontation rights were violated under the rule announced in *Smith v. Arizona*, 602 U.S. 779 (2024), because, according to petitioner, the ballistics expert that testified at his trial testified about ballistics evidence that had been examined by another expert; (4) the ballistics testimony was false and the prosecutor failed to correct this false testimony, under the rule announced in *Glossip v. Oklahoma*, 145 S. Ct. 612, 628 (2025) (Evidence can be material even if it 'goes to the credibility of the witness'), and (5) the indictment was jurisdictional, defective and was improperly amended."

[6] Petitioner did discuss the testifying Detective's testimony in his last motion, but merely to make an argument about alleged conflicting accounts of the type of pistol used in the shooting. (Prior Mot. ¶¶ 64-65.)

[7] Petitioner also claims there is new evidence of a ".357 magnum firearm" not used in the shooting that allegedly exonerates him, (Mot. ¶ 40), but the court does not credit that new evidence is available here, because it is not. Figueroa discussed the firearm in his last motion. (Prior Mot. ¶¶ 64-66.)

9

challenges the alleged introduction of a *Daily News* article as unduly prejudicial, and violative of his Sixth Amendment right to confront his accuser. (Mot. ¶¶ 45-48.) While his reliance on *Andrew v. White* does not appear to help him, this is yet another claim on the integrity of his trial that the Second Circuit must authorize. 28 U.S.C. § 2244(b)(3).

This part of Figueora's motion is a successive habeas petition because it improperly "raises claims concerning the same conviction to which his prior § 2255 motion was addressed." *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996) (per curiam); *see United States v. Romano*, No. 25-CV-5488 (DC), 2026 WL 27192, at *1 (E.D.N.Y. Jan. 5, 2026) (holding the same when considering the same argument regarding *Glossip*). This standard "remains true even if the latter petition purports to raise new claims." *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998). Thus, the court concludes that because Figueroa "has not sought the requisite certification from the Second Circuit, this [c]ourt lacks jurisdiction to address the merits of the motion." *Romano*, 2026 WL 27192 at *2.

10

## IV. CONCLUSION

For the foregoing reasons, Figueroa's Motion for Reconsideration is DENIED IN FULL, both to the extent it challenges the court's prior rulings and to the extent it must first be heard by the Second Circuit as a successive petition. The Clerk of Court is respectfully DIRECTED to mail a copy of this order to *pro se* Petitioner William Figueroa at his address of record.

SO ORDERED.

Dated:    Brooklyn, New York
          March 24, 2026

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge

11